## Low v. Durfee.

(*Circuit Court, D. Massachusetts.* December 30, 1880.)

1. SUIT AGAINST INSOLVENT—DEFENCE BY ASSIGNEE—COSTS.—Pending a suit upon a promissory note by a citizen of New York against a citizen of Massachusetts, the defendant was adjudged an insolvent under the law of the latter state, and his assignees thereupon came in and defended, and subsequently submitted to have the case defaulted. *Held*, that the action should be dismissed, as against the assignees, without costs, unless the plaintiff elected to take judgment for the purposes of proof in insolvency, in which case that election was to be expressed in the judgment, and no execution should issue.

2. IMPRISONMENT FOR DEBT—REV. ST. §§ 990, 991.—The intent of sections 990 and 991 of the Revised Statutes, relating to imprisoment for debt, is that in civil actions for debt the defendant shall be subject to imprisonment, and be released therefrom, precisely as he would be under the law of the state.

3. SAME — GEN. ST. OF MASS. c. 118, § 78 — REV. ST. § 990.—Section 78, c. 118, of the General Statutes of Massachusetts, provides that a debtor who has received his certificate of discharge shall be forever thereafter discharged and exempt from arrest and imprisonment in any suit or upon any proceeding for, or on account of, any debt or demand which might have been proved against his estate. *Held*, that this express exemption of discharged insolvents from imprisonment upon provable debts was a "*modification* * * * upon imprisment for debt," within the meaning of section 990 of the Revised Statutes relating to imprisonment for debt.—[ED.

Action of contract upon a promissory note by a citizen of New York against a citizen of Massachusetts. Pending the suit, the defendant was adjudged an insolvent under the insolvent law of Massachusetts. His assignees came in and defended, but they and the debtor afterwards submitted to have the case defaulted. The defendant then set up that he had received his discharge under the state law, and moved that the execution to be issued upon the judgment should be limited so as not to run against his body. The plaintiff moved for a judgment for full costs against the assignees, and for an unrestricted execution against defendant.

*F. Dabney,* (*H. W. Suter* with him,) for plaintiff.

*M. F. Dickinson, Jr.,* for the assignees.

*A. Russ,* for defendant.

LOWELL, C. J. 1. Nearly all the costs which are taxable in this case were those of the attachments on mesne process; and, if the plaintiff elects to prove his debt in the insolvency proceedings, the taxable costs will be paid in full. This being so, I see no propriety in charging the assignees personally with this burden, incurred before they were appointed. And I have no power to say that it shall be paid out of the assets. Their appearance in the case was proper enough, if they wished to see that an excessive judgment was not rendered against the debtor for the purpose of being proved; for they could not know whether or not the plaintiff would elect to prove. That right of election is not yet ended, for the estate is not fully settled. How far costs, which the assignees could not have had anything to do with in their inception, should be paid by the assets, if the plaintiff does not choose to prove his debt, should be left to the assignees under the direction of the court of insolvency. In the course which the case has taken, no additional costs have been incurred in consequence of the appearance of the assignees.

2. The insolvent law of Massachusetts (Stat. 1838, *c.* 163, § 7, now embodied in Gen. St. *c.* 118, § 78) provides that a debtor who has received his certificate of discharge shall be forever thereafter discharged and exempt from arrest and imprisonment in any suit or upon any proceeding for, or on account of, any debt or demand which might have been proved against his estate. The plaintiff admits that his debt is of that kind.

In 1854 Mr. Justice Curtis refused to grant a petition like that of the defendant here. *Catherwood* v. *Gapete*, 2 Curt. C. C. 94. At that time, the act of congress adopting state laws concerning imprisonment for debt was that of 1839, (5 Stat. 321,) which enacted that no person should be imprisoned for debt in any state upon process issuing out of a court of the United States, where, by the laws of such state, imprisonment for debt had been abolished; and that where, by the laws of a state, imprisonment for debt should be allowed under certain conditions and restrictions, the same conditions and restrictions should be applicable to the process issuing

out of the courts of the United States. The learned judge held that this insolvent law was neither an act abolishing imprisonment for debt, nor one allowing it under certain conditions and restrictions, but one which steered between the two, and abolished imprisonment absolutely, but only as to a certain class of persons.

He held, further, that the case did not come under the law conforming our processes to those of the state, because that law, at that time, was the act of 1828, which was not prospective, and, therefore, did not apply to the insolvent law of Massachusetts, which was first passed in 1838.

Both of the laws of the United States, upon which this decision rested, have been changed since 1854. The act of 1867, now Rev. St. § 990, instead of saying that when the state law allows imprisonment upon certain conditions, etc., says: "All *modifications*, conditions, and restrictions upon imprisonment for debt, provided by the laws of any state, shall be applicable to the process issuing from the courts of the United States to be executed therein." This change of language is material. The ruling of Judge Curtis was that the clause in the act of 1839 was applicable to those laws which, permitting imprisonment, required certain formalities before the arrest, or restricted the duration of the imprisonment. 2 Curtis, C. C. 95. If, therefore, the state had abolished imprisonment in all possible classes of civil cases, excepting one, no matter how infrequent that class might be, it would be neither a law abolishing imprisonment for debt, nor one allowing it under conditions and restrictions. To meet these objections Congress passed the act of 1867. See *U. S.* v. *Tetlow*, 2 Lowell, 159. By this act, in the clause which I have above cited, all modifications upon imprisonment for debt are adopted. Is not the express exemption of discharged insolvents from imprisonment upon provable debts a modification upon imprisonment for debt? I so consider it. It is certainly a modification of the general law of imprisonment for debt, and that is what the statute means. The intent of Rev. St. §§ 990, 991, is that in civil actions for debt the defendant shall be subject to imprisonment, and be released there-

from, precisely as he would be under the law of the state. The plaintiff admits that under section 991, if the insolvent had been in prison when the discharge was granted, he could immediately thereafter demand his release; but, as he was not, it is insisted that he must now be imprisoned. When he is once in prison the plaintiff will be prepared to argue that he cannot be released, because the judgment has been rendered since his certificate of discharge in insolvency was granted, and, therefore, is not affected by it. The statute is not open to the reproach of having omitted to provide for this case. The two sections reach all cases provided for by the laws of the state.

Again, the other difficulty, which existed in 1854, has disappeared. The Revised Statutes have adopted the forms and modes of proceeding of the several states, not as they were in 1828, but as they were in 1874, and shall be from time to time. Rev. St. § 914. We are bound, therefore, to issue such an execution as the courts of the state would issue in like circumstances; and that is an execution against the property, but not against the body, of the defendant. *Choteau* v. *Richardson*, 12 Allen, 365.

The objection of the plaintiff that this exemption extends only to the territory of Massachusetts is sound in law, and if the petition asked for a modification of the judgment, so that no process should ever issue anywhere in any action founded upon this judgment, it must be refused; but all that is asked for is a modification of a writ, which is available only within this district, which is co-extensive with the commonwealth of Massachusetts.

Action dismissed as against the assignees, without costs, unless the plaintiff elects to take judgment for the purposes of proof in insolvency, in which case that election is to be expressed in the judgment, and no execution will issue. If execution is taken out, it is to be against Durfee only, and to be modified as prayed for.