# BARNES *v.* DISTRICT OF COLUMBIA.*

POLICE REGULATIONS; STREETS; PUBLIC HACKS; CRIMINAL LAW.

1. Section 7 of article 10 of the police regulations of the District of Columbia, prohibiting the drivers of hacks for hire from keeping their ve-

---

*Hacks.*—In the following editorial notes questions relating to the use and regulation of hacks are discussed, and the authorities fully presented: Discrimination as to hackmen at depots, wharves, etc., note to *Cole* v. *Rowen,* 13 L. R. A. 848; using street for hack stand, note to *Flynn* v. *Taylor,* 14 L. R. A. 557; delegation of municipal power as to license of, note to *St. Louis* v. *Russell,* 20 L. R. A. 724.

hicles on the streets at places not public stands, is a valid exercise of the power conferred by Congress upon the District Commissioners. (Following *Stephens* v. *District of Columbia,* 16 App. D. C. 279; *Gassenheimer* v. *District of Columbia,* 26 App. D. C. 557.)

2. A conviction under sec. 7, art. 10, of the police regulations of the District of Columbia, prohibiting the drivers of hacks for hire from keeping their vehicles on the streets at places not public stands, is warranted, although it appears that the defendant had been requested by regular customers, guests of a hotel, to stand in front of the hotel, if the evidence fails to show that he was standing in front of the hotel in pursuance of an engagement with a guest. (Distinguishing *Barnes* v. *District of Columbia,* 24 App. D. C. 458.)

3. The rule that a hotel company may station and maintain carriages in front of its own premises for the accommodation of its guests, notwithstanding the prohibition of sec. 7, art. 10, of the police regulations of the District of Columbia, is strictly limited to the maintenance of carriages for the exclusive use of guests of the hotel, and does not operate to permit the use of the streets by public vehicles in general. (Distinguishing *Willard Hotel Co.* v. *District of Columbia,* 23 App. D. C. 272; and following *Gassenheimer* v. *District of Columbia, supra.*)

4. One prosecuted for the violation of a law cannot escape liability on the ground that other persons have violated the same law with impunity.

5. In a prosecution under sec. 7, art. 10, of the police regulations of the District of Columbia, prohibiting the drivers of public hacks for hire from keeping their vehicles on the streets at places not public stands, the defendant cannot, if the regulation is a valid one, escape the consequences of his unlawful act by asserting that a prior decision of this court, holding that a hotel company may maintain carriages in front of its premises for the exclusive use of its guests, is erroneous, as being unjust discrimination between the carriages of the hotel and those of ordinary licensed carriages for hire.

No. 1628.  Submitted February 6, 1906.  Decided February 20, 1906.

IN ERROR to the Police Court of the District of Columbia.
                                                         *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Wilton J. Lambert* for the plaintiff in error.

*Mr. E. H. Thomas,* Corporation Counsel, and *Mr. F. H. Stephens,* Assistant, for the defendant in error.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The plaintiff in error, John Barnes, was convicted in the police court under an information charging him, as the owner of a licensed hack, with stopping and loitering on the street, at a place not a regular hack stand, in violation of section 7 of article 10 of the police regulations of the District of Columbia; and has sued out a writ of error.

The evidence tended to show that the plaintiff in error had on two or three days stopped his hack in the street in front of the Raleigh hotel, for several hours at a time, which place is not a public hack stand. It did not appear that he had blocked the street, or that he had been disorderly. He testified that regular customers of his had requested him to stand in front of the hotel, and that during the time of his stay, on the day of his arrest, hotel carriages had stood alongside of his hack.

The validity of the regulation aforesaid, in respect of its terms and effect, and the power of the Commissioners to enact the same under the authority conferred by Congress, have been repeatedly affirmed by this court, and is no longer an open question. *Gassenheimer* v. *District of Columbia,* 26 App. D. C. 557; *Stephens* v. *District of Columbia,* 16 App. D. C. 279.

The regulation under which the conviction was had is a different one from that involved in a former prosecution of the plaintiff in error. *Barnes* v. *District of Columbia,* 24 App. D. C. 458. Nor does the proof here go so far as in that case to show that the hack was waiting in the street in front of the hotel under an engagement either with a guest of the hotel, or any person who had any occasion to visit it for any purpose whatever. The statement that he had taken up his station in front of the hotel in accordance with the request of certain guests of the hotel, who had been accustomed to engage his services when needed, is not sufficient to raise the question of the right of hotel guests to direct carriages to stand in that place under special contracts for their personal use. Consequently, what was said in the disposition of that case has no

bearing upon this. The direct purpose of the plaintiff in error in violating the regulation in this case seems to have been to raise the question of the right of the proprietor of the hotel to stop carriages in front of the same for the use of his guests. And the contention is that the regulation is unconstitutional because of its unwarranted and unjust discrimination between the carriages of the hotel proprietor, and those of ordinary licensed owners of hacks for hire. The regulation, however, makes no such discrimination by its terms, and the right of hotel proprietors to keep a reasonable number of hacks or carriages in front of their hotels, for the exclusive use of their own guests, and without obstructing the reasonable and lawful use of the streets by other persons, was established by a decision of this court in a case where the District of Columbia had prosecuted a hotel proprietor. *Willard Hotel Co.* v. *District of Columbia,* 23 App. D. C. 272. The limited right of a hotel proprietor to keep hacks within speedy call for the accommodation of his guests, and no others, was declared to be like that of private owners generally, and not within the regulation prohibiting drivers of hacks for hire from stopping at other places on the streets, not designated public hack stands, and soliciting the patronage of the public. In concluding the opinion in that case, it was said:

"What we mean to hold in the present case is that, subject to all reasonable regulation by the public authorities to prevent the use from becoming excessive, the hotel company has the right to station and maintain its own carriages on the street in front of its own premises for the transaction of its own business and the accommodation of its own guests, without violation of any existing law or municipal ordinance."

The strict limitation of this right to a reasonable number of vehicles for the exclusive use, in good faith, of actual hotel guests, whose charges therefor are fixed and collected by the hotel proprietor, or manager, has been declared in the recent case of *Gassenheimer* v. *District of Columbia, supra;* and it was there said that the hotel proprietor cannot maintain a stand for his own hacks for the use of the general public, under the

pretext of accommodating his guests. We see nothing in these decisions which necessarily conflicts with the opinion of the Supreme Court in the recent case of *Donovan* v. *Pennsylvania Co.* 199 U. S. 279, 50 L. ed.——, 26 Sup. Ct. Rep. 91, the circumstances and nature of which seem quite different. But were it conceded that there is a conflict between the doctrine of that case and those before mentioned, we are unable to perceive how it could affect the case of the plaintiff in error. If the limited right that has been heretofore held to exist in hotel proprietors is, in fact, inconsistent with the principle declared in the *Donovan Case,* since decided, the District of Columbia may raise the question by further prosecutions of hotel proprietors under this regulation, if so advised; but its final determination either way could not affect the case of the plaintiff in error. He was convicted of the violation of a regulation the validity of which is well established, in so far as it applies to the act for which he has been prosecuted; and it is no defense to him to show that other persons have violated it with apparent impunity. That other persons may have escaped punishment, either through the failure of the municipal government to vigorously enforce the law is every possible case, or through the erroneous interpretation by the courts of the scope and effect of the law in particular cases, does not give him the right to violate the law and escape the consequences of his own act when regularly prosecuted therefor.

The judgment was right and must be affirmed. It is so ordered.                                                   *Affirmed.*