HAYES, U. S. Commissioner, v. CANADA, A. & P. S. S. CO., Limited.

(Circuit Court of Appeals, First Circuit. February 10, 1911.)

No. 912.

UNITED STATES COMMISSIONERS (§ 5*)—POWERS—ARREST OF MESNE PROCESS—JURISDICTION.

Rev. St. § 627, providing for the appointment of commissioners of Circuit Courts, was superseded by Act Cong. May 28, 1896, c. 252, § 19, 29 Stat. 184 (U. S. Comp. St. 1901, p. 499), which, as amended, provides for the appointment of United States commissioners by the District Court of each judicial district, to have the same powers and perform the same duties as had been imposed on commissioners of Circuit Courts. Section 990 (U. S. Comp. St. 1901, p. 709) provides that no person shall be imprisoned for debt in any state on process issued from a court of the United States, where by the laws of such state imprisonment for debt has been or shall be abolished, and that all modifications, conditions, or restrictions on imprisonment for debt provided by the laws of any state shall be applicable to the process issuing from the courts of the United States to be executed therein, and the same course of proceedings shall be adopted therein as may be adopted in courts of such state. Section 991 (page 709) declares that, when a person is arrested or imprisoned in any state on mesne process or execution isued from any court of the United States in a civil action, he shall be entitled to his discharge in the same manner as if he were so arrested and imprisoned on like process from courts of the state; "but all such proceedings shall be had

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

before one of the commissioners of the Circuit Court for the district where the defendant is so held." *Held*, that a United States commissioner had jurisdiction, not only of proceedings for the discharge of a person arrested on mesne process issued out of a federal court, but also of proceedings to obtain the arrest of a judgment debtor on an execution issued by a federal court, and hence was bound to entertain and determine an application for such arrest.

[Ed. Note.—For other cases, see United States Commissioners, Cent. Dig. § 3; Dec. Dig. § 5.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Petition by the Canada, Atlantic & Plant Steamship Company, Limited, for a writ of mandamus against William A. Hayes, 2d, United States Commissioner, to compel defendant to entertain an application for a certificate for the arrest of a judgment debtor on mesne process. From a judgment granting the writ, the defendant brings error. Affirmed.

Warren O. Kyle, for plaintiff in error
William M. Richardson, for defendant in error.

Before PUTNAM and LOWELL, Circuit Judges, and ALDRICH, District Judge.

ALDRICH, District Judge. This case involves a petition for a writ of mandamus to be directed to a United States commissioner who declined to entertain an application for a certificate for the arrest of a judgment debtor upon an execution issued by the Circuit Court.

The application is based upon a supposed right under section 990 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 709), and the certificate was asked for upon the ground that the judgment debtor had property which he did not intend to apply in payment of the execution. The commissioner declined to entertain the application and dismissed it upon the idea that he had no jurisdiction. Mandamus was granted by the Circuit Court, and the commissioner asks for a review of the question of jurisdiction upon writ of error.

It is quite apparent that Congress, for reasons deemed sufficient, undertook to make the right of arrest upon execution issued by the United States courts in civil proceedings conform to the right existing under the laws of the state where the arrest is sought. The statutes on the subject were not designed to create new rights of arrest, but to limit and modify the old right, and make it correspond to the right as exercised under state laws.

The statute of February 28, 1839 (5 Stat. 321, c. 35), abolished the right of arrest for debt on process issuing from the federal courts in states where, by the laws of the state, imprisonment for debt had been abolished. It also provided for arrest under certain conditions and restrictions, where, by the law of the state, imprisonment for debt was allowed, and it conformed United States court proceedings to the proceedings adopted in the state courts.

The act of March 2, 1867 (14 Stat. 543, c. 180), recognizing the qualified right of arrest of a party upon mesne process or execution

issuing from the United States courts, provided for a discharge from arrest in the same manner as if he was arrested on like process issued from the state courts, and it also provided that all the proceedings should be before some one of the commissioners appointed by the Circuit Court.

In the revision of 1873 the foregoing statutes without any very substantial change, became sections 990 and 991 of the Revised Statutes, with some features of the statute of 1867 carried to section 990.

It is true United States commissioners were not expressly designated by the statute of 1839 as tribunals of first instance to entertain applications in respect to arrest for debt; but we should entertain no serious doubt, if it were a question here, that when Congress, in 1839, conformed the proceedings to those of state courts, it intended that the rights were to be ascertained and established by judicial procedure in the federal courts, or before some of their authorized appointees who have authority in respect to affidavits, process, and bail. But, however that may be, it is apparent that Congress at a later period sought to cover the whole subject of arrest and discharge in civil proceedings by incorporating into the revision of 1873 the two earlier statutes of 1839 and 1867, which, as said, without substantial change, became sections 990 and 991.

If there was any doubt about it before it was made clear by the act of 1867 that Congress intended that the proceedings, which were to be like proceedings in the state courts, should not be had before a state official, something which, of course, might have been enacted (Holmgren v. United States, 217 U. S. 509, 517, 30 Sup. Ct. 588, 54 L. Ed. 861), but, on the contrary, before a United States commissioner, because it was then expressly and imperatively declared that all such proceedings shall be had before some one of the commissioners of the Circuit Court. It is possible that the closing words, "so held," not in the act of 1867, but which appeared in section 991 of the Revised Statutes, though apparently inadvertently inserted, tend somewhat to confuse the meaning; and if we were to disregard the unmistakable general and comprehensive purpose, and construe the jurisdictional provision under technical rules, we might, perhaps, under the closing words of section 991, limit a commissioner's authority to proceedings for discharge from arrest. But looking at the question historically, and having in view the manifest purpose of Congress of conforming the practice to that existing under state laws, and of designating a suitable tribunal of first instance, we have no doubt that Congress intended that all proceedings both in respect to arrest under section 990 and of discharge under section 991 were to be before a United States commissioner. Indeed, Judge John Lowell, in Low v. Durfee (C. C.) 5 Fed. 256, 259, a Massachusetts case, referring to the sections in question, aptly stated the intent and purpose of Congress by saying that "the two sections reached all cases provided for by the laws of the state."

The report of the commissioners (1872) on the revision of the United States Statutes (volume 1, §§ 454 and 455, and note on pages 230–232) sustain the view that no substantial change was proposed

by the revision, as well as the idea that the act of 1867, supplementing the earlier statutes on the subject in respect to the right of arrest by remitting the discharge of prisoners to the rules of the several states, was intended as a complete disposition of the whole matter. It is understood that italics were adopted by the commissioners on revision as a means of indicating what was new, and it is true the words "so held" appear at the end of section 455 of the commissioner's report, yet these words were not italicized as were the words "in any civil action," and looking to the origin and purpose of the legislation upon the general subject of arrest upon civil action process and release therefrom, we find nothing in the words "so held," in section 991 of the Revised Statutes of 1873, of sufficient potency to warrant the conclusion that Congress intended them as words of radical limitation upon the jurisdictional provisions of the act of 1867, to the end that there should be state officers for preliminary purposes in respect to arrest and United States commissioners for preliminary purposes in respect to a dischage from arrest.

We think it clear enough that Congress, in adopting state procedure as a device for working out the rights and the remedies, recognized and intended jurisdiction in the commissioner as a tribunal of first instance to do the things that are done by the primary tribunals under state procedure in the state where the rights and remedies are involved, and to do them in the same way; and, as this case arises in the state of Massachusetts, the practice would conform itself to the practice which holds in respect to arrest and discharge upon civil process before the police, district, or municipal court, or a trial justice of that state, as the primary tribunal to which the application for a certificate of arrest is to be made.

We think the reasonable meaning of the two sections, read together, is that Congress understood that preliminary questions in respect to arrest, as well as those in respect to discharge, should first be dealt with by a United States commissioner as a tribunal corresponding to such subordinate tribunals as may be designated by the laws of the particular state where remedy is sought.

The point is taken that, in matters which concern liberty and imprisonment, jurisdiction should be certain. That is quite true; but it must be borne in mind that these statutes were not creating new rights of arrest, but were limiting them and putting them under restriction, and in the way of amelioration in the interests of the debtor, and that Congress, in limiting and abridging the old right of arrest, undertook to shield the debtor until a fact should be found which, according to the law of the state, would entitle one party in a civil suit to have his adversary arrested.

If the material fact should be found against the party who applies for the certificate of arrest, process, of course, would not issue; but if, on the contrary, the concealment contemplated by the state law should be found by the preliminary tribunal, various remedies would be open to the aggrieved party for review by the court whose process is being used as a foundation for the arrest, and thus the law suitably safeguards the liberty of aggrieved parties.

The limitation upon the powers of United States commissioners is found in section 627 of the Revised Statutes, which declares that they "shall exercise the powers which are or may be expressly conferred by law," and under the construction which we put upon sections 990 and 991 express power is found in the closing sentence of section 991, which declares that all such proceedings shall be had before one of the commissioners of the Circuit Court.

By Act May 28, 1896, c. 252, § 19, 29 Stat. 184 (U. S. Comp. St. 1901, p. 499), the office of Circuit Court commissioner was abolished, and the power to appoint commissioners was conferred upon District Courts; but it is declared by the same statute that commissioners so appointed shall have the same powers and perform the same duties as theretofore imposed upon commissioners of the Circuit Court. So it still remains, we think, that a United States commissioner is a proper tribunal to entertain the proceedings contemplated by sections 990 and 991 under consideration.

The order of the Circuit Court is affirmed, without costs.