**UNITED STATES of America**

**v.**

**Frank PALERMO, also known as Frank "Blinkey" Palermo.**

**Crim. No. 19189.**

United States District Court
E. D. Pennsylvania.

May 31, 1957.

**826**

———◆———

John A. Erickson, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Jacob Kossman, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This case comes before the court on defendant's motion to dismiss the information charging defendant with "wilfully and knowingly" failing to pay his 1953 federal income tax when due, in violation of 26 U.S.C.A. § 145(a)—1939 I.R.C.—and with "wilfully and knowingly" failing to pay his 1954 federal income tax when due, in violation of 26 U.S.C.A. § 7203—1954 I.R.C.

The defendant alleges these reasons as grounds for his motion:

I. "The Information Does Not State Facts Sufficient to Constitute an Offense against the United States."

▮▮▮ The defendant filed 1953 and 1954 federal income tax returns on time but failed to pay any tax at the time of filing, as required by law. Since the information against defendant, filed March 7, 1957, is for violation of misdemeanors in Section 145(a) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 145(a), and in Section 7203 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 7203, the alleged offense of "that well knowing all of the * * * facts he did wilfully and knowingly fail to pay said income tax or any part thereof * * * at the time required" sufficiently embodies the elements of the crime [1] and sufficiently informs the defendant of the charge so as to enable him to prepare his defenses.[2]

[1] If this information charged a failure to pay a tax under § 145(b) of the 1939 Internal Revenue Code, the felony subsection, then an affirmative action implied from the term "attempt," as used in the above section, would have to be alleged in such information (cf. United States v. Bardin, 7 Cir., 1955, 224 F.2d 255, 260), but where the charge, as here, is a failure to pay a tax under § 145(a) of the 1939 Internal Revenue Code or under § 7203 of the 1954 Internal Revenue Code, the misdemeanor subsections, all that is required in the information is an allegation of wilful neglect (though passive) of the statutory duty. Spies v. United States, 1943, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418. The court, 317 U.S. at pages 497-498, 63 S.Ct. at page 367, found that "Mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness. But * * [w]e would expect willfulness in such a case [default in payment of tax but not in filing the return] to include some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer." Defendant contends that such language requires the information to allege an "evil motive," but it seems clear that by alleging "wilfulness" the information includes any necessary element of evil motive, as well as voluntary and purposeful omission to pay. See, also, the charge of the trial court, defining "wilful," which was approved by the Fourth Circuit Court of Appeals, in Yarborough v. United States, 4 Cir., 1956, 230 F.2d 56, 61.

The matter of wilfulness is a question for the jury. United States v. Di Silvestro, D.C.E.D.Pa.1957, 147 F.Supp. 300, 304. Whether the elements of the crime, as stated in the information, are made out by the Government so that the jury may render a guilty verdict is a question to be considered by the trial judge and the appellate courts reviewing a conviction.

[2] United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L.Ed. 92; Contreras v. United States, 5 Cir., 1954, 213 F.2d 96. It is noted that the defendant did not request a bill of particulars under the terms of F.R.Cr.P. 7(f), 18 U.S.C., indicating his present knowledge of facts which might be the basis of an inference of evil motive. Cf., for example, evidence at N. T. 30 that defendant had ample assets for payment of the taxes at the time they were due.

II. "The Information Is a Discriminatory Action against the Defendant in Violation of His Constitutional Rights."

In his memorandum of law filed 5/9/57, defendant argues that information in the possession of the Government will show that "there has been no criminal prosecution * * * against taxpayers who have not paid the income taxes due at the time requires." Although neither the motion nor the brief allege any more than the foregoing, defendant apparently alleges that these taxpayers filed their returns but did not pay the tax, which is the course followed by defendant. In order to give the defendant an opportunity to amplify this point and to present evidence in support of it, the hearing judge held a hearing on May 28, 1957.[3] At this hearing, counsel stipulated to these facts:[4]

A. In the First Pennsylvania District, there have been no other criminal prosecutions against taxpayers who have filed their federal income tax returns on time but have failed to pay the tax shown to be due on the return at the time the tax was due (N. T. 3–4).

B. There are only two pending cases where informations [5] have been returned against taxpayers who have filed their federal income tax returns on time but have failed to pay the tax shown to be due on the return at the time the tax was due (N. T. 5–6, 11).[6]

■■ Defendant relies on cases holding that the due process clause of the Fifth Amendment prohibits unjustifiable discriminatory enforcement of the law,

3. See F.R.Cr.P. 12(b) (4) and letter of May 20, 1957 (a copy of which is attached to this opinion), scheduling the hearing, which letter was delivered to both counsel on May 20. The motion to dismiss was listed on the argument list of May 13, 1957, and, by agreement of counsel, was submitted on briefs at that time.

4. The Government objected to the admission in evidence of the facts stated in A as irrelevant to this issue of discrimination on this record. The hearing judge agrees with this contention, particularly in view of the following language in the 1956 Presentment of the Grand Jury in this District (see In re Grand Jury Investigation (Matter of Income Taxes of Lemuel B. Schofield)—page 12 of Presentment of 1/6/56 of Grand Jury of October 11, 1955):
   "Finally, the Grand Jury recommends legislation imposing severe penalties for non-payment of income taxes. It was clear from the evidence that the practice of deliberately failing to pay taxes is wide-spread. * * * If returns are filed, the only penalty for non-payment of the taxes is the imposition of interest, which has proved an insufficient deterrent. *Criminal penalties should be considered for the most flagrant cases.*
   "The Grand Jury feels that no time should be lost in taking the corrective action recommended." (Emphasis supplied.)
   There were some additional stipulated facts, such as (A) the lack of any report-

ed cases involving prosecutions of the type described in A (N. T. 4–5), but this fact is clearly irrelevant on this record, particularly because of the large number of unreported United States District Court memorandum opinions and orders; (B) the fact that defendant paid his 1953 and 1954 federal income taxes with interest and penalties in September 1956— N. T. 30–1, 34–5. (This late payment is irrelevant on this issue without more facts than are in this record—N. T. 36.)

5. One case is pending in the Eastern Division of the Northern District of Illinois and the other in the Eastern District of South Carolina (N. T. 7).

6. The defendant also contends the court should consider the following in considering this ground for his motion:
   A. Statistics on page 3372 of the Congressional Record of 3/18/57 (Vol. 103, No. 46), showing 1,144,876 delinquent income tax accounts in December 1956 and 1,139,658 such accounts in December 1955. (These facts are irrelevant on this issue on this record.)
   B. Page 3 of defendant's brief implies that the court should take judicial notice of tax returns in the Government's possession. United States v. Golden, 2 Cir., 1956, 239 F.2d 877, relied on by defendant, involved a single document, the exact location of which in the possession of the Government was described by the defendant in the record and does not justify such a contention.

even though this Amendment does not contain "equal protection" wording. See Bolling v. Sharpe, 1954, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884,[7] where the court said "discrimination may be so unjustifiable as to be violative of due process"; Truax v. Corrigan, 1921, 257 U.S. 312, 332, 42 S.Ct. 124, 129, 66 L.Ed. 254, where the court indicated that "due process" covers "the general fundamental principle of equality of application of the law." However, the clearly recognized principle, that failure to prosecute all criminals is no defense to the one prosecuted,[8] makes the above cited cases, relied on by defendant, inapplicable in this situation, particularly in the absence of any showing in this record that defendant is similarly situated to any of those taxpayers described under A above who have not been criminally prosecuted. It seems too clear for argument that a taxpayer who wilfully fails to pay his tax when due, having ample assets to use for the purpose, may most properly be treated differently under these criminal provisions from the many taxpayers whose economic conditions make it far more difficult for them to pay their taxes when due.[9] This record even indicates that this taxpayer has assets which might have been used to pay this tax when due.[10]

III. "The Information Is an Attempt to Imprison the Defendant for Taxes That Have Been Paid in Full, Including Interest and Penalties."

▮ Finally, it has been repeatedly held that neither the Thirteenth Amendment nor any other other Constitutional or statutory provision prevents imprisonment for non-payment of taxes.[11]

7. See, particularly, cases cited in footnote 2 at page 499 of 347 U.S., at page 694 of 74 S.Ct., and Neild v. District of Columbia, 1940, 71 App.D.C. 306, 110 F. 2d 246, 257, where the court said:
   "In a sense it may be said that every citizen is entitled to the equal protection of the laws as they may be adopted and administered by the federal government throughout the land."

8. Saunders v. Lowery, 5 Cir., 1932, 58 F. 2d 158, 159; Grell v. United States, 8 Cir., 1940, 112 F.2d 861, 875; United States v. Manno, D.C.N.D.Ill.1954, 118 F. Supp. 511, 515; Barnes v. District of Columbia, 1906, 27 App.D.C. 101, 105. Cf. Goldberg v. Hoffman, 7 Cir., 1955, 225 F.2d 463. As pointed out in the Grell case, supra, 112 F.2d at pages 875–876, this type of evidence may be relevant at the time of imposing sentence.

9. The hearing judge ruled that the following items of evidence which defendant offered to prove were irrelevant without any showing by defendant that his failure to pay his tax when due was for lack of ability to pay or for any other reason (see Exhibit C–1, being subpoena calling for this information—N. T. 42–3):
   A. The number of taxpayers during 1953 and 1954 who filed their tax returns on time and did not pay their tax when it was due and yet were not prosecuted criminally (N. T. 29, 38–9). (It is noted that defendant made no offer to classify such taxpayers as to economic ability to pay or in any other way.)
   B. The properties of defendant against which tax liens were filed to cover the defendant's 1953 and 1954 income taxes and that such properties were ample to secure the payment of the taxes (N. T. 30, 36, 37, 55).
   The defendant mentioned in argument that there was a 1948 income tax claim pending in the Tax Court against defendant, presumably when his 1953 and 1954 federal income taxes became due. However, a pending proceeding does not involve an immediate duty to pay and the record of this proceeding in March 1954 and March 1955 could have easily been shown by defendant on May 28 (N. T. 48–9).

10. See last sentence of footnote 2 and references to notes of testimony in that footnote.

11. See Porth v. Brodrick, 10 Cir., 1954, 214 F.2d 925, and cases there cited. Carrollo v. United States, 8 Cir., 1944, 141 F.2d 997; Freeman v. United States, 1910, 217 U.S. 539, 30 S.Ct. 592, 54 L.Ed. 874; United States v. Smith, D.C.W.D. Mich.1945, 62 F.Supp. 594; Moore v. Mitchell, 2 Cir., 1929, 30 F.2d 600, 602, 65 A.L.R. 1354. 28 U.S.C.A. § 2007, cited by defendant, merely prevents imprisonment for debt "in any State wherein imprisonment for debt has been abolished." See Low v. Durfee, C.C.Mass.1880, 5 F. 256; Stuart v. Reynolds, 5 Cir., 1913, 204 F. 709, 717–719; Freed v. Central Trust Co., 7 Cir., 1914, 215 F. 873, 876–877. It is clear that imprisonment for

## Order

And now, May 31, 1957, defendant's motion to dismiss, filed March 7, 1957, is denied.

failure to pay all elements of tax obligations has not been abolished in Pennsylvania, since 12 P.S. § 257 "except[s] from its operation arrest on civil process in * * * action for fines or penalties * * *." City of Philadelphia v. Cline, 1945, 158 Pa.Super. 179, 184, 44 A.2d 610, 613. See, also, Dole v. City of Philadelphia, 1940, 337 Pa. 375, 11 A. 2d 163, 767. It is also noted that it would seem premature to raise this argument until conviction and sentence involving imprisonment is imposed.