THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, *vs.*
CHARLES W. KELLOGG, Exr., Appellee.

*Opinion filed June 24, 1915.*

1. INHERITANCE TAX—*when order of county court fixing inheritance tax is not res judicata.* An order of the county court fixing the amount of inheritance taxes to be paid by the several beneficiaries is not binding *in personam* as to non-resident beneficiaries nor effectual as to real property not within this State, and is not *res judicata* in a subsequent proceeding in the county court for a rule upon the executor to show cause why the inheritance tax assessed against such non-resident beneficiaries had not been paid. (*Hanberg* v. *Morgan*, 263 Ill. 616, distinguished.)

2. SAME—*rule as to collectibility of inheritance tax.* While an inheritance tax is due and payable at the moment of the death of the testator or intestate and is to be assessed as of that date, yet its collectibility depends upon whether the devisee, heir or legatee takes his portion of the estate or takes it in such manner or from such fund or property as makes him or his inheritance, devise or bequest subject to the tax.

3. SAME—*power of county court to modify its order as to inheritance tax.* If the non-resident beneficiaries under a will refuse to take payment of their bequests out of funds in the hands of the Illinois executor because of the rate of inheritance tax fixed by the county court and insist upon taking payment of their bequests from the proceeds of the sale of real estate in the foreign State which never reached the Illinois executor, the county court has power to modify its order as to such inheritance tax.

4. SAME—*authority which confers right of succession is the authority to levy inheritance tax.* An inheritance tax is imposed, not upon the property passing by virtue of the will or the laws of descent, but upon the right of succession to such property; and it follows that the authority having power to levy an inheritance tax is the authority which confers the right of succession.

5. SAME—*real property in another State is not subject to Illinois inheritance tax.* For inheritance tax purposes the State takes an interest, at death, in all the property of a resident decedent within its jurisdiction and in all his personal property wherever it is located; but real property in another State is not subject to an Illinois inheritance tax, whether the title thereto passes by will or by the law of descent of the foreign State.

6. SAME—*when Illinois executor cannot be compelled to pay inheritance taxes.* An Illinois executor cannot be compelled, from

the residuary estate or from his personal funds, to pay inheritance taxes assessed by the county court on bequests made to non-resident beneficiaries whose bequests have been paid by an ancillary executor out of proceeds of sales made by him under the will and approved by a court of a foreign State, of real estate in such State.

APPEAL from the County Court of McHenry county; the Hon. DAVID T. SMILEY, Judge, presiding.

P. J. LUCEY, Attorney General, and THOMAS J. YOUNG, for the People.

A. A. WORSLEY, for appellee.

Mr. JUSTICE WATSON delivered the opinion of the court:

Alfred M. Barber, a resident of McHenry county, Illinois, died testate on September 14, 1912. His will was duly admitted to probate in the county court of that county and Charles W. Kellogg was permitted to, and did, qualify as executor, and thereafter E. W. Stuart, a citizen of Ohio, and Magnus W. Barber, a citizen of Missouri, who were also named in the will as executors thereof but because of their non-residence were not permitted to qualify in Illinois, qualified as ancillary executors in Ohio, where the testator owned real estate in the counties of Lee and Summit.

The will contains thirty-seven paragraphs and provides for a great number of legacies. By paragraphs numbered from 27 to 35, inclusive, bequests amounting to $200,700 were made to certain charitable institutions and cemeteries in the State of Ohio, and these bequests, under the laws of that State, are exempt from the operation of the inheritance tax laws of that State. The will directs that all the estate, both real and personal, (but the personal estate first,) should be converted into cash; also that each of the three executors named in the will should have charge of the testator's property in the State of his residence. The paragraphs of the will necessarily brought under consideration by this litigation are as follows:

"*Item 27.*—I hereby give and bequeath to the trustees of the Akron Rural Cemetery Association the sum of $500, the income of which shall be used for the perpetual care of the VanSickle lot, where my late wife's relatives are buried, and for the care of the Bloom lot, so called, where my late wife's sister and her family are buried.

"*Item 28.*—I hereby give and bequeath to the trustees of Bath township, Summit county, Ohio, $200, to be held by said trustees and their successors in office forever, for the sole use and purpose of investing the same in undoubted securities, the income from which shall be used in ornamenting and keeping in good order the graves of my father, step-father and brother there buried.

"*Item 29.*—It is my will, and I hereby direct, that all of the foregoing bequests be first paid by my executors before any of the bequests hereinafter made.

"*Item 30.*—I give and bequeath to the First Baptist Church of Akron, Ohio, of which my late wife was a member, the sum of $5000, to be used for the benefit of such church as its board of trustees may determine.

"*Item 31.*—I give and bequeath to the Akron City Hospital the sum of $25,000, to be used for the benefit of such hospital as its board of trustees may determine.

"*Item 32.*—I give and bequeath to the Akron Public Library the sum of $10,000, which sum shall be kept safely invested by the trustees of said library and the income therefrom used for the purchase of books for said library.

"*Item 33.*—I give and bequeath to the board of trustees of the Young Men's Christian Association of Akron, Ohio, the sum of $5000, to be used for the benefit of said association as may be determined by said board of trustees.

"*Item 34.*—I give and bequeath to the board of trustees of the Young Women's Christian Association of Akron, Ohio, the sum of $5000, to be used by them for the benefit of said association.

"*Item 35.*—For the purpose of maintaining in the city of Akron, Ohio, or adjacent thereto, a home for the support and care of respectable aged men and women of said city who are dependent, wholly or partially, on charity for their support, I give and bequeath the sum of $150,000, which amount shall be paid by the executors of this will to three discreet and judicious persons, residents of said city, to be named by said executors, as trustees of said fund, who shall safely invest and keep invested said fund, using the income, only, for the purpose of maintaining such home, and they shall so manage said fund as to best carry out the purpose of this bequest. In the event of the failure of said executors to appoint such trustees within two years after the probating of this will the probate court of Summit county, Ohio, shall make such appointment; and the successor of any trustee shall be appointed by such court on failure of said trustees to make an appointment to fill a vacancy on said board within thirty days after such vacancy occurs, and said trustees shall make full report of all their transactions and render account of the receipt and expenditure of all moneys belonging to said fund annually, and oftener if required by said court, to said court for its inspection and approval, which reports shall be kept on file in said court.

"*Item 36.*—After the full payment of each and all of the foregoing bequests, the balance of my estate I give, bequeath and devise as follows, to-wit: Two-thirds of said balance to such persons as would be my legal heirs and distributees under and according to the laws of descent of the State of Illinois in cases of intestacy, when the deceased leaves no widow or child of his body surviving, and each of such persons shall receive such share as is provided by such statute under the said condition. And I give, devise and bequeath the other one-third of such balance to such persons as the laws of Illinois would designate as the legal heirs of my late wife, Sarah Barber, had she died in that

State leaving no widower or child of her body surviving, and each of such persons shall receive such share as is provided by such statute under such conditions.

"*Item 37.*—I hereby nominate Charles W. Kellogg, of Crystal Lake, Illinois, Magnus W. Barber, of Kansas City, Missouri, and E. W. Stuart, of Akron, Ohio, to be the executors of this my last will and testament without bonds, and request that there be no inventory or appraisement of the property of my estate.

"I hereby authorize and direct my said executors or their successors to sell and convert into money any or all of my property, real or personal, for such price and on such terms as to them may seem best for the interests of my estate, and to execute and deliver deeds for such real property to the purchasers conveying the fee simple title thereto, without any authority or order from any court.

"It is my will that all bequests be paid within two years after the probating of this will, and that the executors proceed to convert stocks, bonds and other personal property into money before selling the real property.

"It is my will, and I direct, that the said Charles W. Kellogg, as executor, have the custody of all my bonds, stocks and evidences of indebtedness due me, now deposited in the State of Illinois, and that the said E. W. Stuart, as executor, have the custody of all my bonds, stocks and evidence of indebtedness due me, now deposited in the State of Ohio, and that the said Magnus W. Barber, as executor, have the custody of all bonds, stocks and evidence of indebtedness due me, now deposited in the State of Missouri, but none of such bonds or stocks shall be sold or exchanged for other bonds or stocks without the approval of all of said executors. Said executors shall be authorized to compromise, adjust and settle all claims due me, without any order of court so to do.

"Witness my hand and seal this 31st day of August, A. D. 1912."

The inventory of the estate filed by the Illinois executor disclosed personal assets of a value slightly in excess of $1,500,000 and the aforementioned Ohio real estate.

On January 6, 1913, the county court of McHenry county appointed an appraiser under the provisions of the Inheritance Tax law of Illinois, and such further proceedings were had as resulted, on March 12, 1913, in fixing the amount of inheritance or transfer tax due from all of the beneficiaries under the will at $62,624.29, of which the Illinois executor subsequently paid $45,609.29, leaving unpaid $17,015, which latter amount is made up of items appearing (as stipulated) in the following table:

| BENEFICIARY | AMOUNT OF LEGACY | STATUTORY EXEMPTION | RATE | TAX |
|---|---|---|---|---|
| Y. M. C. A. of Akron, Ohio | $5,000 | None | 3% | $150.00 |
| Y. W. C. A. of Akron, Ohio | 5,000 | None | 3% | 150.00 |
| Akron Rural Cemetery of Akron, Ohio | 500 | None | 3% | 15.00 |
| First Baptist Church of Akron, Ohio | 5,000 | None | 3% | 150.00 |
| Akron City Hospital of Akron, Ohio | 25,000 | None | 5% | 1,250.00 |
| Akron Public Library of Akron, Ohio | 10,000 | None | 3% | 300.00 |
| Akron Home for Old Men and Women of Akron, Ohio | 150,000 | None | 10% | 15,000.00 |
| | | | | $17,015.00 |

On April 6, 1914, the appellant filed its petition in the county court of McHenry county for a rule on appellee to show cause why the said $17,015 should not be paid as a transfer or inheritance tax due from the respective beneficiaries against whose right of succession it had been assessed. Summons having been served, appellee answered the petition, disclosing as his reason for not having paid said amount that the beneficiaries under the will named in

the foregoing table had lodged objections with him against such payment, claiming they were looking to the estate in Ohio for the payment of their legacies, and under the laws of that State they were, as charitable institutions, exempt from inheritance taxes; also, the ancillary executors, in pursuance of the provisions of the will, had sold the Ohio real estate, and with the proceeds of such sale (which proceeds never came into the hands of the Illinois executor) had paid the Ohio bequests in full; further, the answer set up the 35th paragraph of the will, which directed the establishment of a certain old people's home and provided for the appointment of three trustees within two years from date of probate, and informed the court the trustees were not appointed and the home was not in existence at the time the inheritance tax appraisement was made in Illinois. The sufficiency of the answer was questioned by appellant by a motion to strike it from the files as not setting up a legal defense and because it disclosed that no appeal had been prosecuted from the order of the county court fixing the inheritance tax. The motion to strike was denied and the cause was tried by the court upon the petition and answer, and a judgment was entered finding appellee not personally liable for the tax, denying the prayer of the petition and dismissing it. This appeal followed.

The evidence for appellant showed, in addition to the facts above recited, that when the real estate in Ohio was sold the Illinois executor had paid all bequests except those of the Ohio charitable institutions and had on hand a balance of more than $500,000 in money and securities; also that the Illinois executor joined with the ancillary executors in the execution of deeds for the conveyance of the real estate in Ohio, going to that State for the purpose of executing some of the deeds. The proof on behalf of the appellee, received over objection of the appellant, consisted, among other things, of the final report of the ancillary executors showing payment in full of the Ohio legacies, with .

its approval by the probate court in that State; the application by said ancillary executors to said probate court for leave to pay the Ohio bequests out of the Ohio property and for an order declaring them exempt from the tax; the approval of such application and the order of the court accordingly, and the receipts of the several legatees showing such payments. A balance in the hands of the ancillary executors of $123.88 was remitted to the Illinois executor and became a part of the residuary estate.

Two questions are to be considered and determined upon the record in this case, the first being whether the appraisal and the order of the county court fixing the amount of the inheritance or succession tax to be paid constituted *res judicata* in the present proceeding, and the second being whether the benevolent and charitable institutions in Ohio, beneficiaries under the will of Barber, could avoid the payment of the tax in a lawful manner by electing to take payment of their bequests or legacies out of the proceeds of the real property in the State of Ohio rather than from the personal estate in Illinois.

It is said in the brief for appellant that the only case involving any of the principles applicable to the case at bar is that of *Hanberg* v. *Morgan,* 263 Ill. 616. That case is distinguishable, however, from the case at bar. There was a petition by the county treasurer of Cook county praying that certain persons named be summoned and be required to pay certain inheritance taxes which had been theretofore assessed upon their right of succession to property passing to them by the will of S. Lester Burton, deceased, and the proof showed each of said persons had been duly served with notice of the time and place of the appraisement to be made under the Inheritance Tax law. This court held the fact of such notice bound each of them in the subsequent proceedings, and that an error as to the proper basis of the assessment did not render the order of the county judge, which was not appealed from, subject to

collateral attack. There was no question involved in that case as to non-resident beneficiaries, nor as to estate, real or personal, in a foreign jurisdiction.

The home to be established in Akron, Ohio, was not in existence and its trustees had not been appointed at the time the tax was assessed, therefore as to the ten percentum of the $150,000 found to be due from it as a succession tax there was and could be no such service of process or notice in the appraisement proceedings as would be binding upon it. As to said home, and as to all other beneficiaries whose succession tax remains unpaid, the proceeding was *in rem* and could not bind *in personam* nor be effectual as to property not within the State of Illinois. *Pennoyer* v. *Neff,* 95 U. S. 714.

While it is true, as contended by appellant, that the tax called variously a succession tax and an inheritance tax is due and payable at the moment of the death of the testator or ancestor and is to be assessed as of that date, yet its collectibility depends upon whether the devisee, heir or legatee takes his portion of the estate or takes in such manner or from such fund or property as makes him or his inheritance, devise or bequest subject to the tax, otherwise the executor or administrator, in paying an assessment of three, five or ten percentum upon the amount of such bequest, devise or inheritance, might later find the fund had lapsed and fallen into the residuary estate and become subject to a smaller or different rate of taxation. In the present case, if the Ohio beneficiaries lawfully elected to take payment of their bequests out of the Ohio estate, refusing to take payment thereof from the Illinois funds because of the rate of taxation, it would be unjust to the executor in Illinois, as well as to the residuary legatees, to compel the residuary estate in his hands to bear the burden thus escaped by the Ohio beneficiaries and equally unjust to impose the burden upon said executor as his personal loss. The Illinois executor not having received the fund and it

being without his power to compel its payment to himself for distribution, he should not be compelled to pay the tax nor should the residuary estate be diminished by the amount of such tax.

The county court had power and authority to modify the order as to the inheritance tax in view of the conditions arising after the appraisement and in view of the refusal of the Ohio beneficiaries to take from Illinois funds, if the election by such beneficiaries was lawfully exercised. (*In re Silliman's Estate,* 79 App. Div. 98; affirmed in 175 N. Y. 513.) Neither the Illinois executor nor the residuary fund can be held liable for the succession tax on the Ohio legacies if the legacies were not taken and were not taxable under the Illinois law, and even if the proceeds of the Ohio estate had come into the hands of the Illinois executor, he would only be permitted to pay such taxes from that fund and to pay each item of such tax from the portion belonging to the beneficiary liable for that item. (*People* v. *Union Trust Co.* 255 Ill. 168.) The controlling question in the case is, therefore, the question secondly above stated, viz., the legality of the proceedings in the courts of Ohio by means of which the beneficiaries under the will resident there escaped,—or, as appellant puts it, evaded,—the payment of the Illinois succession taxes.

Counsel on both sides agree the tax is imposed, not upon the property passing by virtue of the will or of the laws of descent, but upon the right of succession to such property, and it is a logical corollary of that proposition that the authority having power to levy such tax is the authority which confers the right of succession; and this is the settled law in this and other States. (*Connell* v. *Crosby,* 210 Ill. 380; *Attorney General* v. *Barney,* 211 Mass. 134; *In re Estate of Swift,* 137 N. Y. 77.) The State takes an interest at death, for succession tax purposes, in all property of a resident decedent within its jurisdiction and in all his personal property wherever situate,

the legal situs of personal property being the domicile of the owner. (*National Safe Deposit Co.* v. *Stead,* 250 Ill. 584; *Northern Trust Co.* v. *Buck & Rayner,* 263 id. 222.) But real property in another State descends by virtue of the laws of that State and is not subject to the inheritance tax laws of this State. (*In re Estate of Swift, supra.*) The tax is laid upon all property which passes by will or by the intestate laws of this State, but we have held that since real estate in a foreign State is exempt from the operation of our laws as intestate estate, it is equally exempt therefrom when its owner chooses to pass title thereto by will otherwise than it would have passed by the laws of descent. (*Connell* v. *Crosby, supra.*) We have also held, both in the *Connell case, supra,* and in *Dutton* v. *Board of Review,* 188 Ill. 386, that the general rule is that property over which the sovereign power of the State does not extend cannot be made the object of taxation in this State.

The will now under consideration does not devise real estate and does not make the bequests to the Ohio institutions a specific charge upon the land in that State. It does direct the conversion of all of the estate into cash, the personal property to be first converted, and the contention of appellant is that the will, properly construed, shows it was the intention of the testator that the legacies should all be paid out of the personal estate; but we find nothing to indicate that intention, or the intention that the proceeds of the real estate, in preference to other moneys, should pass by the residuary clause. It is true, as further contended by appellant, that legacies are legally payable first from the personal estate. (*Reid* v. *Corrigan,* 143 Ill. 402.) That rule is applicable especially in a contest between and among the beneficiaries, and we know of no method by which the Illinois executor could have compelled the Ohio beneficiaries to take from the personal estate against their will and for the purpose of making them subject to the tax imposed upon the personal assets by Illinois law.

The proceeds of the Ohio real estate came into the hands of the ancillary executors by virtue of the sales made under the will and approved by a court of that State, the jurisdiction of which to make such approval orders is not questioned. Under the general rule such proceeds might have been transmitted, after the payment of expenses and claims of local creditors, to the principal executor in Illinois for distribution. The Ohio court had the right, however, in the exercise of a sound judicial discretion, to order otherwise, (18 Cyc. 1235,) and this court has held the general rule as to such transfer of assets does not apply to proceeds of sales of real estate. *Smith* v. *Smith,* 174 Ill. 52; see, also, *Swearingen* v. *Morris,* 14 Ohio St. 424.

It is stated in *People* v. *Union Trust Co. supra,* that our Inheritance Tax law is borrowed or adopted from that of New York, and it is presumed our legislature adopted it with a knowledge of its construction by the courts of last resort of that State. (*People* v. *Griffith,* 245 Ill. 532.) *In re James,* 144 N. Y. 6, is a case in which, prior to the adoption of our statute, the executor of a will probated in New York elected to pay legacies out of property in Great Britain rather than out of property in New York, the purpose being to enable the residuary legatees, brothers of the testator, to escape the New York inheritance tax. That tax, under the New York law, could have been levied upon assets transferred from the foreign country, but the assets in New York were not subject to the tax because the bequest to brothers was especially exempted. This the Supreme Court of New York held the executor might rightly do and for the purpose and with the object mentioned, the holding further being that the imposition of the inheritance tax depends upon the fact of a succession by the legatee to some property within the State and subject to the jurisdiction of its courts. The right was denied to the public officials to say which part of the testator's

property should be appropriated to the payment of the specific bequests.    See, also, *In re Ramsdell*, 190 N. Y. 492.

It was the proper exercise of a sound discretion by those representing the benevolent, charitable and other similar institutions in Ohio to elect to take their legacies from proceeds of real estate in that State, and so to give the institutions they severally represented the benefit of the laws of that State exempting such legacies from the succession tax according to the laws of that State. It would be inequitable to require payment of the tax by the executor from his personal funds or from the residuary estate in view of our conclusion that the action of the Ohio beneficiaries of Barber's will was lawfully taken and relieved the funds bequeathed to them from the operation of the inheritance tax laws of Illinois.

The judgment of the county court of McHenry county will therefore be affirmed.    *Judgment affirmed.*