## NEW YORK TRUST CO. v. ISLAND OIL & TRANSPORT CORPORATION et al.

(Circuit Court of Appeals, Second Circuit. April 5, 1926.)

No. 277.

1. Receivers ⟨⟩153—State of Virginia is not entitled to collect franchise taxes assessed on corporations against nonresident receivers, where corporation had no assets in Virginia subsequent to appointment.

Where nonresident receivers were appointed for Virginia corporation, and there had been no assets within Virginia since appointment, state of Virginia is not entitled, as matter of law, to collect from receivers franchise taxes annually assessed and collected on its own corporations.

2. Receivers ⟨⟩153—Trial court's order, authorizing receivers to pay annual franchise tax in state where corporation was created for reason of business prudence and expediency, held not abuse of discretion.

Order of trial court, authorizing receivers to pay annual franchise tax assessed by state, but which could not be legally collected, is matter of discretion, making of which, for reason of business prudence and expediency, is not abuse of discretion.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the New York Trust Company against the Island Oil & Transport Corporation, the Island Oil-Marketing Corporation, and Arthur J. Stevens and another, as receivers of both corporations. From an order directing the receivers in the matter of payment of claims (7 F.[2d] 416), B. L. Allen and others, as committee of noteholders, appeal. Affirmed.

In this creditors' suit the court below appointed Messrs. Stevens et al. receivers of defendant, which is a corporation of the state of Virginia. That state assesses and seeks to collect an annual franchise tax upon the corporations created by it. It kept on assessing such taxes against the defendant after the appointment of receivers herein just as it had done before.

In respect of franchise taxes for a year subsequent to their appointment, the receivers petitioned the court below for instructions, setting forth that they were advised by counsel that said franchise tax "was justly due and owing to the commonwealth of Virginia," but that certain creditors (now represented by the appellants herein) asserted the contrary. Wherefore the court's directions were requested.

It is agreed that at no time since the receivers were appointed herein have there been

any assets of the defendant in Virginia. There has never been any proceeding ancillary to this suit in Virginia. But the receivers by their counsel asserted in argument that the result of nonpayment of this tax will be the revocation and annulment of the defendant's charter, which action by the state might hamper the collection and distribution of defendant's assets, although reorganization under the same charter is not under consideration. But (conclude the receivers) the taxes should be paid as matter of "comity, equity, and expediency." The court below entered the order appealed from, which declares that the receivers "are authorized to pay" the tax in question. From that order the creditors' committee took this appeal.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (William M. Chadbourne, Clinton De Witt Van Siclen, and Wellington S. Crouse, all of New York City, of counsel), for appellants.

Kohlman & Austrian, of New York City (Sydney Krause, Frederick T. Kelsey, and Francis L. Kohlman, all of New York City, of counsel), for receivers.

Geddes H. Winston and Irving E. Campbell, both of Richmond, Va., appeared by permission of the court for the state of Virginia.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). The record suggests two questions; strictly speaking the order appealed from answered neither. They are: (1) Is the state of Virginia entitled to the tax as matter of law? (2) Is it expedient to pay the tax as an expense of administration? The order merely "authorized" the receivers to pay the tax; it affords no information as to why authorization was given.

[1] From the memorandum filed below, we are inclined to think that the learned judge considered it fair, or prudent, or "equitable" to have the tax paid; he did not hold any legal duty to pay lay on the receivers.

If these receivers had been appointed by a national court sitting in Virginia, if the assets were in that state, and it had demanded as of right preferential payment of this tax, payment would have been due, if the law of Virginia so held. The priority demanded would have been "enforceable against the property in the hands of a receiver appointed by a federal court within the state." Marshall v. New York, 254 U. S. 380, at page 385, 41 S. Ct. 143, 145 (65 L. Ed. 315).

If, however, in this suit and in the state of New York, Virginia had appeared and demanded payment, we think it could not have recovered.

Undoubtedly Virginia can go on taxing its own corporation as long as that corporation exists; but its right to recover against any property must rest either upon its sovereign power or upon statutes passed in pursuance thereof. But neither its sovereignty nor its statutes has any extraterritorial vigor.

The matter was in our judgment covered by Putnam, J., in Franklin, etc., Co. v. New Jersey, 181 F. 769, at page 776, 104 C. C. A. 629, 636, thus:

"It is impossible to conceive that the state of [Virginia] could assess a tax against a foreign receiver. It may assess this tax against its own corporations, but this would not attach as a matter of law against a foreign receiver; and, more especially, the state could not assess a tax which would be a lien on the assets in his hands."

See, also, Holshouser Co. v. Gold Hill Co., 138 N. C. 248, 50 S. E. 650, 70 L. R. A. 183. Cf. Ballou v. United States, etc., Co., 67 N. J. Eq. 188, 59 A. 331.

Therefore our first question must be answered in the negative.

[2] As to the second point, we do not see that comity, which "yields as favor what cannot be claimed as a right" (Stowe v. Belfast Bank [C. C.] 92 F. 90, at page 96), has anything to do with this matter, and as to "equitable" considerations it is quite easy to be equitable with other people's money.

The property in the hands of these receivers is "equitably" creditors' money; it is only to be diminished before payment to creditors by legitimate and reasonably necessary expenses.

We can readily understand that maintenance of the corporate life of this defendant is in a business way desirable. We have no doubt that the court below may well have been, for reasons of business prudence and expediency, willing to *authorize* the receivers to pay this tax. The giving or refusing of this authorization for these reasons is matter of discretion, and to direct such a payment for such a reason would not be abuse of discretion. We so understand the order under review, viz. the order means that, if the receivers in the exercise of their business discretion deem it expedient to pay this tax, they are authorized so to do; but they are not required to do it, because the state of Virginia has no legal right to demand payment from them.

Order affirmed, without costs.