MOORE, Treasurer of Grant County, Ind., v. MITCHELL et al.

Circuit Court of Appeals, Second Circuit. February 4, 1929.

No. 132.

mour, both of New York City, of counsel), for appellees.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge. This action is by the county treasurer of Grant county, Indiana, to recover taxes alleged to be due and unpaid. The complaint was dismissed on motion because it did not state a cause of action of which the court would take jurisdiction. The appellees are executors of the last will and testament of Richard Edwards Breed, who is alleged to have resided in Grant county, Indiana, during the years 1903 to 1926, and did not pay a tax as required by Sess. Laws Ind. 1903, c. 29, § 23 (section 14288, Burns' Rev. Stat. Ind. for 1926). The statute provides that "all the property, both real and personal, situated in any county, shall be liable for the payment of all taxes, penalties, interest and costs charged to the owner thereof in such county, and no partial payment of such taxes, penalties, interest or costs shall discharge or release any part or portion of such property until the whole is paid; which lien shall in nowise be affected or destroyed by any sale or transfer of any such personal property, and shall attach on the first day of March, annually, for the taxes of such year."

The assessment was made after Breed's death by the Grant county taxing assessors. Authorization to commence the suit is found in Sess. Laws 1927, p. 141, c. 54, § 1, which was passed after the death of Breed. It authorizes the treasurer, in his name, as such officer, to institute and prosecute to final judgment and execution all suits and proceedings necessary for the collection of delinquent taxes owed by any person residing outside the state of Indiana, and provides that for his services in so doing the treasurer shall charge and receive 25 per centum of the moneys so collected.

There is no allegation in the bill that any of the deceased's property, referred to therein, was ever physically within the state of Indiana, or that the deceased died there. The first cause of action is based upon an alleged indebtedness of the deceased, due for the taxes alleged to have been assessed against the deceased after his death, and the second on an alleged unjust enrichment of the deceased and the appellees as executors, because of failure to pay the taxes. No lien is claimed to have been imposed upon any property of the deceased by reason of the proceedings for the assessment of taxes. Thus only a personal

Russell H. Robbins, of New York City (Henry M. Dowling, of Indianapolis, Ind., of counsel), for appellant.

Simpson, Thacher & Bartlett, of New York City (Louis Connick and W. N. Sey-

liability is asserted for taxes which were not liquidated until after the death of the deceased.

 Taxes are imposts, not debts, collected for the support of the government. Meriwether v. Garrett, 102 U. S. 472, 26 L. Ed. 197. The form of procedure to collect them cannot change their character. No contractual or quasi contractual obligation to pay arises out of the assessment. The enforcement of revenue laws rests, not on consent, but on force and authority. State of Colorado v. Harbeck, 232 N. Y. 71, 133 N. E. 357. An action for debt cannot be maintained to collect a tax in the New York state courts. City of New York v. McLean, 170 N. Y. 374, 63 N. E. 380; Matter of Maltbie v. Lobsitz Mills Co., 223 N. Y. 227, 119 N. E. 389. See, also, City of Boston v. Turner, 201 Mass. 190, 87 N. E. 634. With the appellees and the property without the state, and the estate being administered in New York, the effort to collect a tax, for a political subdivision of Indiana, is repugnant to the settled principles of private international law, which preclude one state from acting as a collector of taxes for a sister state, and from enforcing its penal or revenue laws as such. The revenue laws of one state have no force in another. The taxing power of a state is, by the federal Constitution (Amendment 14), limited to persons and property within its jurisdiction. Wisconsin v. Pelican Ins. Co., 127 U. S. 266, 8 S. Ct. 1370, 32 L. Ed. 239.

This court, in New York Trust Co. v. Island Oil & Transport Corp., 11 F.(2d) 698, considered a request for instructions as to whether equity receivers should pay the franchise taxes of a corporation in receivership where the corporation was organized in the state of Virginia, and there we said that, "if the receivers in the exercise of their business discretion deem it expedient to pay this tax, they are authorized so to do; but they are not required to do it, because the state of Virginia has no legal right to demand payment from them." A further question was there presented as to the lawful right to collect taxes out of the estate not within the taxing jurisdiction and from representatives of the taxpayers not within the taxing jurisdiction, and we concluded that there was no legal liability to pay.

 In State of Colorado v. Harbeck, supra, it was held that the state court could not be used to collect taxes due a sister state. The action was brought to recover an inheritance tax upon the estate of Harbeck, a resident of Colorado. He died in New York. The will and codicils were probated in New York, transfer tax proceedings were had in New York, and the taxes were assessed as upon the estate of a nonresident and paid. No provision was made in the accounts finally settled for the payment of transfer tax to the state of Colorado, which had notice of the proceedings in New York. The estate which was assessed for taxation consisted of stocks and bonds, none of which were physically present in Colorado at the time of the decedent's death or thereafter. The complaint was dismissed. The tax laws of one state cannot be given extraterritorial effect, so as to make collections through the agency of the courts of another state. Indiana's political subdivision, Grant county, is limited in the payment of taxes to property found within its boundaries. State of Iowa v. Slimmer, 248 U. S. 115, 39 S. Ct. 33, 63 L. Ed. 158; Ashley v. Ryan, 153 U. S. 436, 14 S. Ct. 865, 38 L. Ed. 773; Matter of Anita Bliss, 121 Misc. Rep. 773, 202 N. Y. S. 185; Walker v. Treasurer & Receiver General, 221 Mass. 600, 109 N. E. 647; People v. Kellogg, 268 Ill. 489, 109 N. E. 304.

In Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 S. Ct. 1370, 32 L. Ed. 239, the state of Wisconsin commenced an action of debt in the Supreme Court of the United States against a corporation of Louisiana, in which it sought to collect upon a judgment recovered in a Wisconsin court for penalties imposed by the statutes of Wisconsin for not making returns to the insurance commissioner of that state as required by law. Granting judgment for the defendant upon demurrer, the Supreme Court pointed out that "the rule that the courts of no country execute the penal laws of another applies, not only to prosecutions and sentences for crimes and misdemeanors, but to all suits in favor of the State for the recovery of pecuniary penalties for any violation of statutes for the protection of its revenue. * * * *"

 The appellant's argument that the extraterritorial imposition of tax is to be distinguished from the extraterritorial collection or enforcement of the tax, is without merit. The appellant attempted to impose a tax prior to the commencement of the action. The taxing authorities went through the forms prescribed by the statutes of Indiana, but Breed was dead before the assessment, and the attempt was fruitless. The property was not physically there. Under the due process clause of the United States

Constitution (Amendment 14), Indiana had no jurisdiction to impose a tax, because neither the property nor the deceased was within its jurisdiction at the time the tax was assessed. It may not now use the national District Court outside of the state to collect such tax.

But it is said that Blodgett v. Silberman, 277 U. S. 1, 48 S. Ct. 410, 72 L. Ed. 749, overrules what is said in the Harbeck Case. The Blodgett Case did not deal with the question of extraterritorial enforcement of state tax statutes, which is presented in this case. That case involved the question of whether the state of Connecticut could tax the transfer of certain intangible personal property under a will probated in Connecticut, and collect the tax in a Connecticut court against executors appointed by the Connecticut court of probate. The deceased was domiciled in Connecticut at the time of his death. The court decided that intangible personalty has such a situs as the domicile of its owner, and its transfer on his death may be taxed there. No question of jurisdiction of the state of Connecticut over the executors was presented. The decision in the Blodgett Case was limited to upholding a transfer tax upon intangibles in a court which had jurisdiction to tax. That principle is recognized in the cases we have referred to.

 Assuming Breed was domiciled in Indiana, as alleged in the complaint, the taxes were not assessed until after his death and until after the appellees were administering his estate in the jurisdiction of the New York Surrogate's Court. The amount of the tax had not been ascertained and no attempt was made to impose the taxes prior to death. The Indiana statute imposes a duty upon the resident to report taxable property. It creates no liability before the amount of taxes claimed is determined. It was necessary for the taxing authorities to assess the taxes and determine the amount claimed to be due. It is not a transfer tax or a succession tax claimed, but a personal property tax. The application of the fiction of "mobilia sequuntur personam" would require an assessment during each of the years for which taxes are claimed, during the lifetime of the decedent, to reach the conclusion that there was a personal liability to pay these taxes during his life. Jurisdiction is not to be founded upon a multiplication of fictions, and in no true sense can it be said that Indiana had jurisdiction to impose the taxes for which this suit is brought.

Certainly the court below had no jurisdiction of the cause of action alleged, and the complaint was properly dismissed.

Judgment affirmed.

L. HAND, Circuit Judge (concurring). Although the Supreme Court of Indiana has not passed upon the question, I think that a personal liability was imposed upon Breed before his death, which was after March 1st. That is the date when the tax is imposed, and when the lien attaches to any property within the state. It can hardly be that the lien arises before the liability, and the assessment may be, and in my judgment should be, considered as no more than a liquidation of a liability already existing. Nor does the actual location of the property taxed affect the validity of this tax, which was personal. As to shares in corporations, there has, I think, never been any doubt, and negotiable bonds are now to be considered in the same class. Blodgett v. Silberman, 277 U. S. 1, 48 S. Ct. 410, 72 L. Ed. 749. Had any of the property consisted of chattels, coin, or bank notes, situated outside Indiana, another question would have arisen, but this was not the case. Hence it seems to me that the liability was valid; it is not even argued that, if so, it did not survive.

We must therefore decide whether a tax lawfully imposed in a foreign state can be collected by suit in a federal court sitting in another state. Our jurisdiction is in this respect no different from that of a court of the State of New York; the law to be administered is certainly not the law of Indiana, whether it be the law of New York, or whether in such cases there is a common law independent of the laws of any State. Generally it is, of course, true that a liability arising under the law of a foreign state will be recognized by the courts of another, and it is not here relevant whether foreign liability is enforced, or another, precisely similar, raised by the law of the forum. A recognized exception is in the case of criminal and penal liabilities. The Antelope, 10 Wheat. 66, 123, 6 L. Ed. 268; Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 S. Ct. 1370, 32 L. Ed. 239; Huntington v. Attrill, 146 U. S. 657, 13 S. Ct. 224, 36 L. Ed. 1123; Huntington v. Attrill, [1893] A. C. 150; Arkansas v. Bowen, 3 App. D. C. 537; Dicey, Conflict of Laws, rule 54. In some few cases, this exception has been extended to include revenue laws as well. Colorado v. Harbeck, 232 N. Y. 71, 133 N. E. 357; Municipal Council of

Sydney v. Bull, [1909] 1 K. B. 7; Gulledge Bros. Lumber Co. v. Wenatchee Land Co., 122 Minn. 266, 142 N. W. 305, 46 L. R. A. (N. S.) 697; Canada v. Schulze, 9 Scotch L. T. 4. But so far as I can find the point has never been passed on by a federal court.

While the origin of the exception in the case of penal liabilities does not appear in the books, a sound basis for it exists, in my judgment, which includes liabilities for taxes as well. Even in the case of ordinary municipal liabilities, a court will not recognize those arising in a foreign state, if they run counter to the "settled public policy" of its own. Thus a scrutiny of the liability is necessarily always in reserve, and the possibility that it will be found not to accord with the policy of the domestic state. This is not a troublesome or delicate inquiry when the question arises between private persons, but it takes on quite another face when it concerns the relations between the foreign state and its own citizens or even those who may be temporarily within its borders. To pass upon the provisions for the public order of another state is, or at any rate should be, beyond the powers of a court; it involves the relations between the states themselves, with which courts are incompetent to deal, and which are intrusted to other authorities. It may commit the domestic state to a position which would seriously embarrass its neighbor. Revenue laws fall within the same reasoning; they affect a state in matters as vital to its existence as its criminal laws. No court ought to undertake an inquiry which it cannot prosecute without determining whether those laws are consonant with its own notions of what is proper.

For these reasons I concur.