## In re PRESSED STEEL CAR CO. OF NEW JERSEY.

### No. 18779.

District Court, W. D. Pennsylvania.

Sept. 7, 1937.

Margiotti, Pugliese, Evans & Buckley and John E. Evans, Sr., all of Pittsburgh, Pa., for the State of New Jersey.

Thorp, Bostwick, Reed & Armstrong, of Pittsburgh, Pa., for George D. Wick and W. A. Bonitz.

GIBSON, District Judge.

The claim of the State of New Jersey for corporate franchise taxes assessed against the Pressed Steel Car Company of New Jersey for the years 1933, 1934, and 1935, was disallowed by the special master appointed by this court to hear and report upon all claims whose validity was questioned or to which exceptions were filed. The State of New Jersey filed exceptions to the report of the master, which exceptions are now before this court for disposition. The facts are not in dispute, being contained in a stipulation of facts signed by counsel for the State of New Jersey and for the trustees of the Pressed Steel Car Company of New Jersey. This stipulation of facts states that "all of the assets of the Pressed Steel Car Company are located in Pennsylvania and there are no assets of the debtor in the State of New Jersey." The stipulation also sets forth that receivers were appointed for the Pressed Steel Car Company of New Jersey on May 10, 1933, by this court and

that the receivers operated and conducted the business of the company until June 13, 1934, on which date the company filed a voluntary petition in bankruptcy under section 77B of the Bankruptcy Act, as added by Act June 7, 1934, § 1, 48 Stat. 912 (11 U.S.C.A. § 207 and note) and at the same time temporary trustees in bankruptcy were appointed and continued the operation of the business until July 13, 1934, at which time permanent trustees were appointed who continued to operate the business of the company until the company was reorganized under a plan of reorganization approved by this court on July 27, 1936. The tax claimed by the State of New Jersey for the year 1933, under the laws of New Jersey, was due January 1 of that year, which was prior to receivership. The tax claimed for the year 1934 was likewise due under the New Jersey laws, on January 1, 1934, which was during receivership. The tax claimed for the year 1935 was, under the New Jersey laws, due January 1, 1935, which was during the period in which the Pressed Steel Car Company of New Jersey was in bankruptcy under section 77B of the Bankruptcy Act. The receivers filed the report of the corporation with the State of New Jersey under protest for the year 1934, and the trustees in bankruptcy filed the report for the year 1935 under protest, stating that there were no assets of the corporation within the State of New Jersey.

The claims of the State of New Jersey are, in the opinion of this court, not enforceable against the assets of the debtor in the hands of the trustees in the jurisdiction of this court. The authority of the State of New Jersey to collect these taxes arises only from the statutes of New Jersey, and neither those statutes nor the sovereignty of New Jersey extend into the jurisdiction of this court. The State of New Jersey under the same statutes under which it is attempting to enforce its claims here sought to collect a franchise tax in the State of Massachusetts in a receivership proceeding in the case of Franklin Trust Co. v. State of New Jersey, 181 F. 769 at pages 770 and 771 (C.C.A.1st Circuit, 1910), certiorari denied by Supreme Court 218 U.S. 681, 31 S.Ct. 229, 54 L.Ed. 1207, in which case the court in refusing the claim said:

"It is extremely doubtful whether a tax like the one here would be upheld in New Jersey with the conditions reversed; that is to say, a tax in the nature of a fee imposed by Massachusetts upon the franchise of a corporation created in that state, with its property wholly in New Jersey, and its business being wound up in an insolvent proceeding in New Jersey. As stated in Re United States Car Co., 60 N.J.Eq. 514, 43 A. 673, a claim like the one under consideration is not a tax in the ordinary sense, but an arbitrary imposition laid upon a corporation without regard to the value of its property or of its franchises. * * *

"It would seem that the latest New Jersey case, that of Ballou v. Flour Milling Co., 67 N.J.Eq. 188–191, 59 A. 331, fully sustains the view that such an arbitrary imposition would not be enforced outside of the state, because the New Jersey court there says those courts (referring to the outside courts) would neither allow the state franchise taxes which have accrued since the date of the decree of insolvency nor give priority to them if allowed, and that considerations of comity require the New Jersey courts to be governed by the rules which govern the extra-territorial courts. * * *

"Giving extra-territorial enforcement and priority to a franchise tax possessing the arbitrary, obnoxious, and discriminatory elements of the one in question would not only be contrary to principles of equity, but would be contrary to the decisions of Massachusetts, where the funds of the insolvent corporation and the equitable rights of the creditors are located—contrary to decisions of the courts of that state in respect to her own excise laws. Oliver v. Washington Mills, 11 Allen (Mass.) 268. See, also, Com. v. Savings Bank, 123 Mass. 493. A fee or franchise tax like this has no legal status in foreign jurisdictions unless supported by statute or special equities. We fail to see any equitable considerations upholding this claim which would not exist in respect to such a claim in any winding up proceeding in an extra-territorial court."

The opinion as expressed in this decision is supported by New York Trust Co. v. Island Oil & Transport Corporation, 11 F.(2d) 698 (C.C.A.2d Circuit, 1926) and Moore v. Mitchell (C.C.A.) 30 F.(2d) 600, 65 A.L.R. 1354, affirmed by the Supreme Court of the United States in 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673. Counsel for

the State of New Jersey contends that its claims should be decided on the authority of the case of Michigan v. Michigan Trust Company, 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed. 1136. With this we cannot agree for the reason that in that case all of the assets were within the State of Michigan, in which State the receivership proceeding was instituted and the statutes and decisions are different from those which obtain here. This court is of the opinion that section 64 (a) of the Bankruptcy Law of 1898 (as amended, 11 U.S.C.A. § 104 (a) has no application to this case for the reason that section 77B (k) of the Bankruptcy Act (11 U.S.C.A. § 207 (k) makes section 64a inapplicable prior to the entry of an order directing the trustees to liquidate the assets of the bankrupt, which was not done in this proceeding. This court is also of the opinion that section 65 of the Judiciary Code (48 Stat. 993; U.S.C.A., title 28, § 124a) which became effective June 18, 1934, does not apply to taxes of the nature claimed by the State of New Jersey in this case, and said statute does not assist the State of New Jersey in supporting its claim for franchise taxes for the year 1935.

Counsel for claimant has argued that this court is being invited as a result of the conduct of the trustees to join in perpetrating a fraud upon the State of New Jersey in assisting the Pressed Steel Car Company and its trustees to avoid payment of its legal and just debts and obligations to the State of New Jersey for the use of the franchise. In this the court cannot concur for the reason that from May 10, 1933, and during all of the years 1934 and 1935, all of the assets of the corporation were in the hands of the receivers and trustees and the business was operated by them. In the case of United States v. Whitridge, 231 U.S. 144, 34 S. Ct. 24, 25, 58 L.Ed. 159, where the United States sought to collect taxes of a nature similar to the taxes in question in this case, it was held: "And we are unable to perceive that such receivers are within the spirit and purpose of the act, any more than they are within its letter. True, they may hold, for the time, all the franchises and property of the corporation, excepting its primary franchise of corporate existence. In the present cases, the receivers were authorized and required to manage and operate the railroads, and to discharge the public obligations of the corporations in this behalf. But they did this as officers of the court, and subject to the orders of the court; not as officers of the respective corporations, nor with the advantages that inhere in corporate organization as such. The possession and control of the receivers constituted, on the contrary, an ouster of corporate management and control, with the accompanying advantages and privileges."

And in Re Century Silk Mills (D.C.) 12 F.(2d) 292, 296, it was held: "There may be said to have been in contemplation of law a complete ownership of the assets by the trustee from the date of the filing of the petition, with which no taxing power of the state over the corporate franchise could interfere."

The State of New Jersey is endeavoring to collect these franchise taxes for substantially the period that the assets of the corporation were in the hands of this court, which the court feels it should not be entitled to do, and the courts have held uniformly that there is no liability on the part of trustees in bankruptcy for such taxes. In re International Match Corporation (C.C.A.) 79 F.(2d) 203, certiorari denied State of Delaware v. Irving Trust Co., 296 U.S. 652, 56 S.Ct. 368, 80 L.Ed. 464.

The court is of the opinion that the claims of the State of New Jersey should be rejected and disallowed.