**PEOPLE OF NEW YORK v. UNITED STATES.**

**No. 7017.**

Circuit Court of Appeals, Third Circuit.

Aug. 7, 1939.

John J. Bennett, Jr., Atty. Gen. of the state of New York (Robert P. Beyer and George F. Mullay, Assts. Atty. Gen. of New York City, of counsel), for appellant.

James W. Morris, Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Lester L. Gibson, Sp. Assts. Atty. Gen., of Washington, D. C., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for appellee.

Before MARIS, CLARK, and BIDDLE, Circuit Judges.

MARIS, Circuit Judge.

Equity proceedings were instituted in the District Court for the District of Delaware against S. W. Straus Investing Corporation, a Delaware corporation, hereinafter referred to as Straus, on March 3, 1933, and receivers were , appointed the same day by that court. On September 28, 1933 the receivers reported that reorganization was impossible and proceeded to liquidate the assets, which were located chiefly in the State of New York. The proceeds were insufficient to pay all of the preferred claims. The claim of the United States against Straus is for an unpaid balance of its 1930 income tax and a deficiency of 1931 income tax. The claims of the State of New York are for franchise taxes assessed against Straus for periods both prior and subsequent to the receivership proceedings and for license tax for a period prior to the institution of the receivership proceedings.

The District Court determined that the claim of the United States was entitled as

against the claims of the State of New York, to priority of payment out of the funds of the receivership estate available for final distribution. The priority claim of the United States is based upon section 3466 of the Revised Statutes, 31 U.S.C.A. § 191, which provides: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

In the receivership proceeding Straus filed a consenting answer. The order appointing the receivers authorized them to continue the corporate business, but it soon became apparent that Straus was insolvent and that the efforts of the receivers would of necessity be directed to the liquidation of the corporate assets. It is settled that where the defendant who is in fact insolvent files an answer joining in the prayer for a receivership there is in substance a voluntary assignment within the meaning of section 3466. Price v. United States, 269 U.S. 492, 46 S.Ct. 180, 70 L.Ed. 373; United States v. Butterworth-Judson Corp., 269 U.S. 504, 46 S.Ct. 179, 70 L.Ed. 380. The section is, therefore, clearly applicable.

The State of New York relies upon its own Tax Law, Consol.Laws, c. 60, as the basis for its priority claim as to the license fee. It contends that inasmuch as Straus did all its business prior to the receivership in the State of New York and all its assets were localized in that state the license tax became a specific lien upon the corporate assets in the State of New York as of the date when the privilege of doing business in New York was conferred. These corporate assets, it argues, could have been seized by the State of New York under the tax law and applied in satisfaction of the statutory lien.

Had the State of New York perfected its lien for the license tax by a levy upon the property of Straus or by some similar act it might have defeated the preference granted to the United States by section 3466. As the Supreme Court said in Thelusson v. Smith, 2 Wheat. 396, 425, 426, 4 L.Ed. 271, "The United States are to be first satisfied; but then it must be out of the debtor's estate. If, therefore, before the right of preference has accrued to the United States, the debtor has made a bona fide conveyance of his estate to a third person, or has mortgaged the same to secure a debt, or if his property has been seized under a fi. fa., the property is devested out of the debtor, and cannot be made liable to the United States." In the instant case, however, the lien remained inchoate. It is well settled that an inchoate lien is not enough to defeat the priority granted the United States by the statute. United States v. Knott, 298 U.S. 544, 56 S.Ct. 902, 80 L.Ed. 1321, 104 A.L.R. 741; New York v. Maclay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754; Spokane County v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621; United States v. Oklahoma, 261 U.S. 253, 43 S.Ct. 295, 67 L.Ed. 638. The interest of the State of New York in the corporate assets of Straus "lacks the characteristics of a specific perfected lien which alone bars the priority of the United States." United States v. Knott, 298 U.S. 544, 551, 56 S.Ct. 902, 905, 80 L.Ed. 1321, 104 A.L.R. 741.

The State of New York argues that it is entitled to priority of payment of franchise taxes incurred by Straus subsequent to the receivership because those taxes are an administration expense of the receivership. Straus, however, was a Delaware corporation and the receivership was in the District Court for the District of Delaware, not in New York. The State of New York may, of course, tax its own corporations and it may impose a franchise tax upon the operations of receivers administering the assets of corporations in local receiverships, both federal and state (People of State of Michigan v. Michigan Trust Co., 286 U.S. 334, 52 S.Ct. 512, 76 L.Ed. 1136), but its statutes cannot have extra territorial effect so as to impose a tax upon a foreign receiver as a condition of his administering the assets of a foreign corporation in a foreign court. New York Trust Co. v. Island Oil & Transport Corp., 2 Cir., 11 F.2d 698; Franklin Trust Co. v. State of New Jersey, 1 Cir., 181 F. 769.

We have not discussed the priority claim for franchise taxes assessed against Straus before the receivership, inasmuch

as the State of New York abandoned that claim at the argument.

The judgment of the District Court is affirmed.