### Same Case—Application for a Re-hearing.

The meaning of the third paragraph of art 10 of the Civ. Code, is, that the rule that the effect of acts passed in one country to be executed in another must be regulated by the laws of the latter, does not hold in relation to testaments and donations *mortis causa*, where the testator or donor resided abroad when the act was executed and at the time of his death. It is only when both these circumstances occur, that he will be considered as having made his will with reference to the laws of his domicil.

*Schmidt*, for a re-hearing. Had the will been written at sea, or in France, it must have been regarded as the will of a Frenchman, subject to the laws of that country. Where, as in the present case, the testator, apprehensive of the dangers of the sea, resorted to the precaution of executing his will two days before his departure, it cannot be viewed in a different light. Story, Conflict of Laws, sec. 479, p. 402, 2nd edit. says, " where a native of Scotland, domiciled in England, having personal property only, executed, during a visit to Scotland and deposited a will there, prepared in the Scotch form, and died in England, it was held that the will was to be construed according to the English law."

Bullard, J. A re-hearing has been prayed for in this case, and the question of law on which the case is supposed to turn has been elaborately argued. We have thought it proper to state the reasons which, after full consideration, have induced us not to accede to the prayer of the petitioner.

The facts are simple and undisputed. Senac married, and made his will in New Orleans, and sailed shortly after for France, where he passed the rest of his days. A child, the issue of the marriage, survived him. The question is, whether the birth of the child revoked the will according to the laws of Louisiana, so far as it relates to the property situated here. The judgment first pronounced adopted the affirmative.

We admit the general principle contended for. It is sustained by ample authority, and has been uniformly adhered to by this court, in which questions of this kind more frequently arise than perhaps in any other in the Union. The doctrine is so well settled, that it has been enacted as a formal article of our Code. " The form and effect of public and private written instruments are governed

by the laws and usages of the places where they are passed or executed. But the effect of acts passed in one country, to have effect in another country, is regulated by the laws of the country where they are to have effect." Civ. Code, art. 10.

The argument on the other side is, in substance, that although this will is to have its effect here, yet that the testator being domiciliated in France at the time of his death, and the will having in law no date until the moment of the death of the testator, it must be considered as a French will, and construed according to the laws of France, and consequently that it was not revoked by the subsequent birth of a child. But the same article creates an exception in relation to testaments or other dispositions *mortis causa*, which takes them out of the general rule, and requires, in order to give effect to them, as to moveables, as foreign dispositions, that the donor or testator should be domiciliated abroad both *at the time of making such will or donation, and at the time of his death*. The words of that clause of the 10th article are : " The exception made in the second paragraph of this article does not hold when a citizen of another State of the Union, or a citizen or subject of a foreign State or country, disposes by will or testament, or by any other act *causa mortis*, made out of the State, of his moveable property situated in this State, if, at the time of making said will or testament, or any other act *causa mortis*, and at the time of his death, he resides and is domiciliated out of this State." Civ. Code, art. 10. The meaning of this clause, although obscurely expressed, we take to be, that although in general the effect of acts passed in one country to have their effect in another, is regulated by the laws of the latter country, yet in relation to testaments and donations in prospect of death, this does not hold where the testator or donor resided abroad both when the act was executed and when he died. In other words, that a will or donation *mortis causa*, in order to have its effect here as a French will, must have been made in France, and the donor must have died there. If made here, and the testator died there, it will be governed by the local law, the *lex rei sitæ*. It is only when both these circumstances concur, that he shall be considered as making the donation with reference to the laws of his domicil. The law of Louisiana is, " the testament falls by the birth of legitimate children of the

testator, posterior to *its date*." Civ. Code. Art. 1698. The law in France is understood to be different. The testament was made here, to operate upon property situated here, and the testator died domiciliated in France, after the birth of a legitimate child. In order to be regarded as a foreign will, it ought also to have been made or written in France, according to our understanding of article 10. In that event, the personal property here would have passed by it, notwithstanding the posterior birth of a child.

It is, therefore, ordered that the judgment first pronounced remain undisturbed.