## STATE OF GEORGIA v. GRANT.

Though there is no general rule of court in regard to the matter, yet where a party desires to file a bill in original jurisdiction in equity, it has been usual to hear a motion in his behalf for leave to do so. This motion, except in peculiar circumstances (as where the bill asked to be filed was against the President of the United States), is heard only on the part of the complainant. Ten printed copies of the bill were in this case ordered to be filed with the clerk.

THIS court having some time since dismissed a bill filed by the State of Georgia against Mr. Stanton, Secretary of War, General Grant, and others, on the ground that it called for a judgment on a question political in its nature,* Messrs. *Black and Sharkey, in behalf of the same State,* asked leave to file a bill by it against Generals Grant, Meade, and others; it being stated that the bill was not open to objection from the causes which it was decided made the one dismissed objectionable.

*Mr. Carpenter, in behalf of the persons named as defendants,* desired to know whether it would be regular for him to op-

---

* See *supra, ante,* p. 50.

pose this motion for leave if he should, on seeing and considering the bill, desire to do so.

The CHIEF JUSTICE delivered the opinion of the court.

The court has adopted no rules governing suits in cases of original jurisdiction. In cases of equity, however, it has been the usual practice to hear a motion in behalf of the complainant for leave to file the bill, and, leave having been given, subsequent proceedings have been regulated by orders made from time to time as occasion required. The motion for leave has been usually heard *ex parte;* except at the last term, when leave was asked in behalf of the State of Mississippi to file a bill against the President of the United States.* Under the peculiar circumstances of that case it was thought proper that argument should be heard against the motion for leave. We perceive no reason for making such an exception in the case of the present motion. It will be heard, therefore, on the regular motion day, and only on the part of the complainant; and the court will require that ten printed copies of the bill be filed with the clerk before the hearing.

The practice now observed may be regarded as that which will hereafter be adopted in all cases of original equity jurisdiction.