# WASHINGTON STATE *v.* NORTHERN SECURITIES COMPANY.

### ORIGINAL.

Argued April 14, 1902.—Decided April 21, 1902.

In the exercise of original jurisdiction by this court the usual practice in equity cases is to hear applications for leave to file bills, *ex parte*, and, ordinarily, leave is granted as of course.

But this is not an invariable rule, and where it is apparent on the face of the proposed bill that there is a defect of parties, which cannot be supplied without ousting the jurisdiction, leave will be denied.

Where the objection is one of jurisdiction over the subject-matter, and the case is of grave importance, leave to file will be granted that the fullest argument may be had.

THE case is stated in the opinion of the court.

*Mr. W. B. Stratton* for the motion. *Mr. Wallace B. Douglas* was on his brief.

*Mr. C. W. Bunn* and *Mr. John W. Griggs* opposing. *Mr. George B. Young* and *Mr. M. D. Grover* were on Mr. Bunn's brief.

THE CHIEF JUSTICE:

This is an application by the State of Washington for leave

to file an original bill in this court against the Northern Securities Company, a corporation of New Jersey; the Great Northern Railway Company, a corporation of Minnesota; and the Northern Pacific Railway Company, a corporation of Wisconsin. Notice was given to the proposed defendants and argument had in support of and against the motion.

The usual practice in equity cases has been to hear such applications *ex parte, Georgia* v. *Grant,* 6 Wall. 241; although under special circumstances a different course has been pursued. *Mississippi* v. *Johnson,* 4 Wall. 475. Ordinarily, as stated by the Chief Justice in the latter case, the motion for leave to file is granted as matter of course. 4 Wall. 478.

In *Georgia* v. *Stanton,* 6 Wall. 50, a bill in equity was filed by the State of Georgia to enjoin the Secretary of War and other officers representing the Executive authority from carrying into execution certain acts of Congress, on the ground that such execution would overthrow the existing state government of the State and establish another and different one in its place; and a motion was made to dismiss for want of jurisdiction over the parties and over the subject-matter, on which full argument was had. It was held that the bill called for the judgment of the court on political grounds and on rights of a political character, and that, therefore, the court had no jurisdiction over the subject-matter.

In *Louisiana* v. *Texas,* 176 U. S. 1, the case stated shows that "argument was had on objections to granting leave, but it appearing to the court the better course in this instance, leave was granted, and the bill filed, whereupon defendants demurred, and the cause was submitted on the oral argument already had and printed briefs."

In *Minnesota* v. *Northern Securities Company,* decided at this term, 184 U. S. 199, application to file a similar bill to that before us, and seeking similar relief, was made, and after examining the bill we directed notice to be given and heard argument on both sides. The result was that leave to file was denied because of the want of certain indispensable parties, who could not be brought in without defeating our constitutional jurisdiction. That insuperable difficulty does not meet us on

the threshold here, but, among other objections to granting leave, it is urged that the court would have no jurisdiction over the subject-matter because, as contended, the bill does not present the case of a controversy of a civil nature, which is justiciable under the Constitution and laws of the United States, in that the suit is purely a suit for the enforcement of "the local law and policy of a sovereign and independent State, whose right to make laws and to enforce them exists only within itself and by means of its own agencies, and is limited to its own territory."

In the exercise of original jurisdiction the court has always necessarily proceeded with the utmost care and deliberation, and, in respect of all contested questions, on the fullest argument; and in the matter of practice we are obliged to bear in mind, in an especial degree, the effect of every step taken in the instant case on those which may succeed it. In view of this it seems to us advisable to take the same course on the pending application as was pursued in *Louisiana* v. *Texas,* that is, without intimating any opinion whatever on the questions suggested, to grant leave to file in accordance with the usual practice. Our rules require service sixty days before the return day of process, but as the final adjournment of the term will have taken place within that time, process will be made returnable on the first day of next term.

*Leave is granted and process will issue accordingly.*