## STATE OF IOWA *v.* SLIMMER ET AL.

### MOTION FOR LEAVE TO FILE BILL OF COMPLAINT.

No. —, Original. Argued April 15, 1918.—Decided December 9, 1918.

A motion to file an original bill will be denied when the complaining State is clearly not entitled to the relief sought. P. 120.

Where the only effective relief sought is to enjoin the administration by the courts of another State of personal property (in this case notes and bonds) located there at the time of the owner's death, relief must clearly be denied; because, even though the property may have been fraudulently placed there to avoid taxation in the complainant State, which is alleged to be the domicile of the owner, the State of the actual situs had the right to administer the property. *Id.*

Motion for leave to file bill of complaint denied.

THE case is stated in the opinion.

Mr. *H. M. Havner,* Attorney General of the State of Iowa, with whom Mr. *Burton E. Sweet* was on the brief, for complainant, contended:

That the decedent was at the time of his death and previously a resident of Iowa, and the property had been placed and kept in Minnesota, and the Minnesota proceedings set on foot, to defraud Iowa of her rights of taxation. This was alleged in the bill, whose allegations stood unchallenged. Looking at the matter from the international and interstate standpoints, correct doctrine required that original probate and principal administration be had in Iowa, the State of domicile. Iowa had a special interest in insisting that this be done because under her laws, upon the admitted facts, she was entitled to collect back taxes upon the property for five years during which they had been eluded, to tax it during administration, and to tax for collateral inheritance. And under the laws of

Iowa it required primary administration to avail of these rights.

Even assuming that Minnesota would entertain these claims in her courts, relief would depend on their finding as to domicile; and, Iowa, a sovereign State, should not be compelled to litigate her rights in a possibly hostile forum. Indeed, the very purpose of the Constitution, Art. III, § 2, par. 2, and the act of Congress (Jud. Code, § 233), concerning the original jurisdiction of this court, was to furnish an impartial tribunal in such cases. See *Chisholm* v. *Georgia*, 2 Dall. 419, 475; *Wisconsin* v. *Pelican Insurance Co.*, 127 U. S. 265, 289. That jurisdiction depends upon the character of the parties and not upon the nature of the action. *California* v. *Southern Pacific Co.*, 157 U. S. 229. If the lower federal courts will entertain a bill between citizens with reference to a testator's domicile, where that question is material (*Harrison* v. *Nixon*, 9 Pet. 483), a sovereign State has a right to have that question determined here in an original action.

On the face of the bill, the original jurisdiction exists. It is no answer to say that Iowa may go to the courts of Minnesota. If she did so, there would be no right to have an adverse decision reviewed by this court, because there would be no federal question. Nor is it an answer that cases of this character would unnecessarily burden the docket of this court. If jurisdiction exists under the Constitution, Iowa has a right to a determination.

*Mr. Thomas D. O'Brien*, with whom *Mr. Edward T. Young* and *Mr. Alexander E. Horn* were on the brief, for defendants.

*Mr. Clifford L. Hilton*, Attorney General of the State of Minnesota, and *Mr. Egbert S. Oakley*, Assistant Attorney General of the State of Minnesota, in a separate brief on behalf of that State, contended:

It is for the state legislatures to prescribe how property

is to be assessed and to provide the remedies by means of which the payment of the taxes levied shall be accomplished. The legislative remedies are exclusive, and if they fail, the collection of the tax must also fail. *Plymouth County* v. *Moore*, 114 Iowa, 700; *Preston* v. *Sturgis Milling Co.*, 183 Fed. Rep. 1, 3; *Preston* v. *Chicago, St. Louis & N. O. R. R. Co.*, 183 Fed. Rep. 20, 22; *Postal Telegraph Cable Co.* v. *Alabama*, 155 U. S. 482, 487.

The probate courts in Minnesota, under the state constitution and statutes, have exclusive jurisdiction to control and administer the personal assets within its borders of a resident or nonresident decedent. Schouler on Wills, 5th ed., § 1091; *Wilkins* v. *Ellett*, 108 U. S. 256, 258; *Baker* v. *Baker, Eccles & Co.* 242 U. S. 394, 401; *Hanson* v. *Nygaard*, 105 Minnesota, 30; *Byers* v. *McAuley*, 149 U. S. 608; *Borer* v. *Chapman*, 119 U. S. 587, 600; *Moran* v. *Sturges*, 154 U. S. 256, 274; Rev. Stats., § 720, now Jud. Code, § 265; *Whitney* v. *Wilder*, 54 Fed. Rep. 554; *Gregory* v. *Lansing*, 115 Minnesota, 73; *Putnam* v. *Pittman*, 45 Minnesota, 242; *New Orleans* v. *Stempel*, 175 U. S. 309; *Wheeler* v. *New York*, 233 U. S. 434.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

With a view to collecting ultimately at least $13,750 for taxes which the State of Iowa alleges it is entitled to have assessed and levied against the property of Abraham Slimmer, deceased, it asks leave to file in this court an original bill of complaint against the State of Minnesota, Abraham Slimmer, Junior, and Charles Bechhoefer, citizens of Minnesota, and Adolph Lipman, a citizen of Wisconsin. The bill alleges in substance as follows:

1. Slimmer, who had for many years been a resident of and domiciled in Iowa, died there testate on August 15, 1917, leaving personal property valued at $550,000, and

consisting, with the exception of personal effects and a few
United States Liberty Bonds, wholly of promissory notes.
All of this property, except the personal effects and one
note for $3,000, was then in Minnesota in the possession
of Slimmer Junior, who had had custody of the decedent's
property for at least five years before his death. The
$3,000 note was brought by him and Bechhoefer into
Minnesota immediately thereafter.

2. For the period of at least five years before his death,
Slimmer Senior had conspired with Slimmer Junior and
Bechhoefer to defraud the State of Iowa of taxes which,
by reason of his domicil in Iowa, might and should have
been assessed there against his property during his life
time; and to this end he had arranged with them that his
will (if he should leave one)·should be probated in Minne-
sota; had placed in the custody of Slimmer Junior, in
Minnesota, all his property except his personal effects
and the one note for $3,000; and had concealed his property
from the Iowa officials and refused to return the same for
taxation there.

3. Pursuant to this conspiracy, Slimmer Junior and
Bechhoefer filed his will for probate in Minnesota on or
about August 21, 1917, and procured the appointment of
Bechhoefer as special administrator; and by falsely claim-
ing that decedent was domiciled there, secured *ex parte*
a finding to that effect, the probate of the will, and the
appointment of themselves as executors. From this de-
cree, the defendant Lipman, claiming to be an heir, ap-
pealed; and this appeal, which is now pending, has the
effect of suspending the decree and leaving the property
in the hands of the special administrator. The State of
Iowa has not become a party to these proceedings.

4. Under the laws of Iowa, omissions to list and assess
property may be corrected and the taxes collected within
five years from the date of such omission. But the amount
properly payable for taxes by Slimmer's estate cannot be

collected without assessment and levy thereof against his personal representatives; and such assessment and levy must be made within the State of Iowa.

5. On January 7, 1918, the District Court of Dubuque County, Iowa, (in a proceeding begun apparently on or about that day) decreed, at the instance of the treasurer of that State, that Slimmer Senior was domiciled therein, and granted to one Mullany letters of, administration of his estate. About the same date the State, learning that Slimmer Junior and Bechhoefer were about to come into it for the purpose of taking testimony in the Minnesota probate proceedings, obtained from said district court an injunction restraining the witness from testifying and the designated officers from taking their depositions. Slimmer Junior and Bechhoefer have not been served in the Iowa suit and have declared their purpose to avoid service within that State.

The bill prays that it be adjudged and decreed: (*a*) that Slimmer Senior had for more than five years prior to his death been domiciled in Iowa; (*b*) that his estate consisted of evidences of indebtedness to him and that no part of his estate was, at his death, in Minnesota; (*c*) that Iowa has, and Minnesota has not, jurisdiction to administer upon his estate; and prays also (*d*) that such order be entered as will ensure the dismissal of the Minnesota probate proceedings, and the administration of the estate in Iowa; and (*e*) that, pending this suit, an injunction issue restraining the prosecution of the Minnesota probate proceedings.

The motion for leave to file the bill was submitted *ex parte.* In view of doubt entertained as to the propriety of granting it, consideration of the application was postponed (as in *Minnesota* v. *Northern Securities Co.*, 184 U. S. 199, and *Washington* v. *Northern Securities Co.*, 185 U. S. 254) so that the parties might be heard; and the motion was fully argued orally and upon briefs. Both the State

of Minnesota and the individual defendants, other than Lipman, objected to the granting of leave to file the bill. The State objected on the grounds that the only effective relief sought was an injunction against a proceeding in a state court; that the Minnesota probate court had exclusive jurisdiction to administer assets of a decedent within its borders, regardless of his domicil; and also that there was no authority granted by the state legislature for such an action in the federal courts. The individual defendants objected on the grounds that the Iowa administrator was the proper party plaintiff; that he was in any event a necessary party and joining him would oust the court of jurisdiction; that the relief sought would deny to the action of the Minnesota court full faith and credit; and that plaintiff had an adequate remedy at law. The original jurisdiction of the court to entertain a bill of this character was also questioned. Only one of these objections need be considered, for it presents a conclusive reason why leave to file the bill of complaint should be denied.

Substantially the whole of decedent's estate consisted of notes and bonds. Under an arrangement which had been in force for five years or more, these securities were, at the time of his death, in Minnesota in the custody and possession of an agent resident there. Minnesota imposes inheritance taxes; and its statutes provide (Minnesota Gen. Stats., 1913, § 2281) that no transfer of the property of a nonresident decedent shall be made until the taxes due thereon shall have been paid. Regardless of the domicil of the decedent, these notes and bonds were subject to probate proceedings in that State and likewise subject, at least, to inheritance taxes. Minnesota Gen. Stats., 1913, §§ 7205, 2271; *Bristol* v. *Washington County,* 177 U. S. 133; *Wheeler* v. *New York,* 233 U. S. 434. Furthermore, so far as concerns the property of the decedent, located at his death in Minnesota, the probate courts of

that State had jurisdiction to determine the domicil. *Overby* v. *Gordon,* 177 U. S. 214. . But even if decedent was not domiciled in Minnesota, its court had the power either to distribute property located there according to the terms of the will applicable thereto, or to direct that it be transmitted to the personal representative of the decedent at the place of his domicil to be disposed of by him. Minnesota Gen. Stats., 1913, § 7278; *Harvey* v. *Richards,* 1 Mason, 381. See *Wilkins* v. *Ellett,* 108 U. S. 256, 258.

On or about August 21, 1917, Slimmer's executors filed their petition in the probate court for Ramsey County, Minnesota; and the court, in the exercise of its jurisdiction, appointed the defendant Bechhoefer, special administrator. As such, he took and now holds, pending an appeal to the state district court, possession of the whole of decedent's estate, consisting of the notes and Liberty Bonds as well as the personal effects. The only effective relief sought here is to enjoin the further administration of the estate of the deceased by the courts of Minnesota. It is clear that the State of Iowa is not entitled to such relief.

The motion for leave to file the bill of complaint is, therefore,

*Denied.*