NELSON v. MILLER et al.

No. 13110.

United States Court of Appeals
Ninth Circuit.

Dec. 9, 1952.

278

O'Connor & O'Connor, Los Angeles, Cal. (C. A. Hiaasen, Fort Lauderdale, Fla., of counsel), for appellant.

W. Alan Thody and Roland Rich Woolley, Los Angeles, Cal., for appellee Dora Miller.

William J. Clark, Pasadena, Cal., for appellee Davidson.

Before STEPHENS, HEALY, and POPE, Circuit Judges.

STEPHENS, Circuit Judge.

Olof Zetterlund died in Los Angeles County, California, on August 21, 1945. On August 30, 1945, a petition to probate the deceased's will, bearing the date of June 9, 1937, was filed in the probate court for the State of Florida by Ellen W. Burdet. On August 31, 1945, appellees in this appeal, Dora Miller and Harold M. Davidson, filed a petition in the Superior Court of the State of California to probate an alleged codicil to the will which on its face appeared to have been executed by decedent on August 3, 1945. In that instrument appellees were named as co-executors of the will and codicil. On September 6 of the same year, James Q. Burdet filed a second probate petition in the Florida court. The will, without the codicil, was admitted to probate in Florida on September 6, 1945, and Samuel Nelson, appellant here, together with Nelson Ericson and Arvid Ericson, petitioned the Florida court for appointment as executors of the will.

On September 28, 1945, the California court admitted the codicil, with the will attached, to probate and appointed appellees as co-executors. Appellees, on October 2, 1945, filed a petition in the Florida court praying for revocation of the probate of the will in Florida, and a finding that the residence of the decedent at his death was California. The petition further asked that the codicil be annexed to the will and admitted to probate in Florida, and that the Florida court appoint appellees as executors, ancillary to the probate administration in the California probate court. The State of California, through its Controller, filed a similar petition.

The Florida probate court, after finding that decedent was domiciled in Florida at death, denied appellees' and the California Controller's petitions and entered an order appointing appellant as sole executor of the will. Appellees and the Controller appealed from the Florida probate court's decision, and the Florida Circuit and Supreme Courts affirmed. Miller v. Nelson, 1948, 160 Fla. 410, 35 So.2d 288.

While the appeals to the Florida Supreme Court were pending, the Florida probate-

court, acting under its conclusion that it could order the marshalling of assets in California as well as in Florida into the estate being probated in Florida, required appellees to deliver up certain assets situated in California. There is no record of appeal from this order.

When appellees failed to comply with the Florida probate court's order of delivery, appellant brought the instant action in the United States District Court for the Southern District of California. In his complaint appellant asked that full faith and credit be given the judgment of the Florida court and that the order to deliver assets be enforced; that appellees account for any of decedent's property which had come into their possession; that they be enjoined from acting as co-executors of the decedent's estate; and that the California probate proceedings be declared null and void. A prayer relating to a resulting trust was withdrawn.

Appellees answered and they also filed a counterclaim in which they asked that the United States district court decree that Olof Zetterlund was domiciled in the State of California at the time of his death; that the Superior Court in the State of California had exclusive jurisdiction over the estate of the deceased; and that appellees were the lawful co-executors of the will and codicil.

Apparently, the district court's jurisdiction was based on the diversity of citizenship of the parties and as well upon its original jurisdiction. The district court concluded that the probate proceedings in each state were in conformity with each state's own laws, that each state had possession and the right of possession only of decedent's poperty which was situated within the state. The district court refused to adjudicate the residence of decedent and ordered that appellant take nothing by his complaint and appellees take nothing by their counterclaim. The Florida executor, appellant, alone appealed.

█ Each state of the Union is sovereign and under the federal Constitution full faith and credit must be given judgments of each state by every other state within the Union. Art. IV, § 1, Constitution, U.S.C.A. Full faith and credit means that a judgment in one state must in the other state be given the full effect it is given by the law and usage in the state of its origin. And, too, the judgments of a state must be given the same full faith and credit in federal courts. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; 28 U.S.C.A. § 1738; Foster Milburn Co. v. Chinn, 2 Cir., 1913, 202 F. 175, 177. Such meaning obviously presupposes that the judgment is within the subject matter jurisdiction of the court pronouncing it. Hence inquiry on that point is always in order. Tilt v. Kelsey, 1907, 207 U.S. 43, 59, 28 S. Ct. 1, 52 L.Ed. 95.

██ It is the accepted theory to which both Florida and California adhere, that a probate court of the state of a decedent's domicile at the time of death has jurisdiction over and takes possession of property within the state, and none other.[1] Beale, The Conflict of Laws, Vol. 3, p. 1447, § 465.3; Byers v. McAuley, 1893, 149 U.S. 608, 13 S.Ct. 906, 37 L.Ed. 867; Meyers v. Ferris, 1926, 91 Fla. 958, 109 So. 209; Riley v. New York Trust Co., 1942, 315 U.S. 343, 349–350, 62 S.Ct. 608, 86 L.Ed. 885; Deering, California Code of Civil Procedure, § 1913; Goodrich, Conflict of Laws, 3rd ed., p. 551, et seq. In the circumstance of property belonging to the estate but situated out of the domiciliary state, administration is had through ancillary proceedings in the state in which the property rests.

Appellees here, after starting proceedings in the California court to probate the will and codicil upon the theory of decedent's California domicile at time of death, sought ancillary administration of property in Florida. Appellant here, after starting proceedings in Florida on the theory of decedent's domicile in that state at the time of death and after domiciliary proceedings had been denied to appellees in Florida, sought to compel the delivery of possession of the California property into the jurisdiction of the Florida court for administration. The difficulty, of course, devolved around

1. There are exceptions on the ground of comity and consent not pertinent here.

the conflicting findings as to the domicile of decedent at time of death.

 There is, however, no authority for the claim made herein by appellant in his complaint below and made by appellees in their cross complaint below, that property of a decedent situated in one state can be required by any court to be administered by a court of another state, or that a federal court can interfere in a conflict resulting fom irreconcilable findings of the two jurisdictions. Contrary and irreconcilable findings of the Florida and California courts as to the domicile of decedent at the time of death do not throw the conflict into a federal court for its resolution. Each state court can stand upon its findings as to domicile and apply its probate laws to the estate property situate within it. Having no jurisdiction over property outside its borders, its orders as to such property imposed no duty upon another state to recognize them on the doctrine of full faith and credit.[2]

2. In addition to authorities cited in the text we quote from Riley v. New York Trust Co., 1942, 315 U.S. 343 at page 349, 62 S.Ct. 608, at page 612, 86 L.Ed. 885: "The Constitution does not require, M'Elmoyle v. Cohen, 13 Pet. 312, 328, 10 L.Ed. 177; Milwaukee County v. White Co., 296 U.S. 268, 276, 56 S.Ct. 229, 233, 80 L.Ed. 220, nor does Delaware provide that the judgments of Georgia have the force of those of her own courts. A suit in Delaware must precede any local remedy on the Georgia judgment. Subject to the Constitutional requirements, Delaware's decisions are based on Delaware jurisprudence. Her sovereignty determines personal and property rights within her territory. Subject to Constitutional limitations, it was her prerogative to distribute the property located in Delaware or to direct its transmission to the domiciliary representative of the deceased. Iowa v. Slimmer, 248 U.S. 115, 121, 39 S.Ct. 33, 34, 63 L.Ed. 158. The full faith and credit clause allows Delaware in disposing of local assets to determine the question of domicile anew for any interested party who is not bound by participation in the Georgia proceeding. Thormann v. Frame, 176 U.S. 350, 356, 20 S.Ct. 446, 448, 44 L.Ed. 500; Overby v. Gordon, 177 U.S. 214, 227, 20 S.Ct. 603, 608, 44 L.Ed. 741; Burbank v. Ernst, 232 U.S. 162, 34 S.Ct. 299, 58 L.Ed. 551; Baker v. Baker, Eccles & Co., 242 U.S. 394, 400, 37 S.Ct. 152, 154, 61 L.Ed. 386. It must be admitted that this reexamination may result in conflicting decisions upon domicile, but that is an inevitable consequence of the existing federal system which endows its citizens with the freedom to choose the state or states within which they desire to carry on business, enjoy their leisure or establish their residences. Worcester County Co. v. Riley, 302 U.S. 292, 299, 58 S.Ct. 185, 187, 82 L.Ed. 268. But while allowing Delaware to determine domicile for itself, where any interested party is not bound by the Georgia proceedings, the full faith and credit clause and R.S. § 905, note 5, supra, do require that Delaware shall give Georgia judgments such faith and credit 'as they have by law or usage' in Georgia."

The California law on the point is set out in § 1913, California Code of Civil Procedure, as follows: "The effect of a judicial record of a sister state is the same in this state as in the state where it was made, except that it can only be enforced here by an action or special proceeding, and except, also, that the authority of a guardian or committee, or of an executor or administrator, does not extend beyond the jurisdiction of the government under which he was invested with his authority." There is extensive California court decision law following the code section. Deering, California Code of Civil Procedure, Annotated, § 1913. The Florida law is to the same effect, as evidenced by the opinion in Meyers v. Ferris, 1926, 91 Fla. 958, 109 So. 209, 210, from which we quote: "The request for a directed verdict is upon the theory that the evidence introduced by the plaintiff in the court below failed to show that the plaintiff was entitled in her capacity as administratrix to the immediate possession of the property at the time and place of the alleged conversion. The evidence only shows that the administratrix was qualified under the laws of the state of Florida. Assets beyond the territorial limits of this state were not subject to her demand. * * * *"

In the case of In re Reynolds' Estate, 217 Cal. 557, 20 P.2d 323, 324, it is stated: "Since the testator's domicile is the jurisdictional fact, and since the recognition which is given by other states to the law of the testator's domicile is merely a rule of conflict of laws, the decision of one state, to the effect that a testator is domiciled there, is not

Whatever may be the ultimate effect of the Florida court judgment as to the rights of heirs and beneficiaries under the will or under the will with the codicil, the right of possession of the probate court of either Florida or California as to property within the respective states cannot be affected.

It follows that the United States district court was right in holding that it had no jurisdiction to determine whether decedent was domiciled in Florida or in California, and had no jurisdiction to disturb the possession of decedent's property, a part therof presently being administered by a Florida court and a part thereof presently being administered by a California court. The doctrine of full faith and credit is inapplicable to the relief asked.

Affirmed.

binding on any other state, even under the full faith and credit clause of the federal Constitution (article 4, § 1); but other states in which a testator's property is situated, may determine such question, each state for itself, without reference to the decree of the state which passed upon that question first in point of time."

For a full treatment of the point discussed in this note see Reynolds v. Stockton, 1891, 140 U.S. 254, at 272, 11 S.Ct. 773, 35 L.Ed. 464.