SAMUEL, Judge.
Mark King died on November 5, 1963 in Miami, Florida, leaving an olographic will in a safe deposit box in a New Orleans bank. The will was made by the testator in New Orleans on April 28, 1961, at which time he was domiciled in the State of Louisiana. These succession proceedings, wherein the will has been probated, the executor confirmed, and various other steps have been taken, were opened by the executor named in the will. The only assets shown by the inventories are in the Parish of Orleans and consist of certificates of stock, cash in bank and proceeds from a pension trust fund.
Mark King’s widow, a legatee, filed an original and a supplemental petition in the Civil District Court against the executor and the other legatees seeking annulment of the will on the ground that it was invalid as to form. The executor filed an exception of no cause of action to the petitions and, after a hearing, there was judgment maintaining the exception and dismissing Mrs. King’s suit. . She has appealed therefrom.
For the purposes of the exception of no cause of action the well pleaded facts of the petitions must be accepted as true. Those facts, so accepted and here pertinent, are: as a result of having been transferred by his employer in connection with that employment decedent came to New Orleans in 1956 and remained here until June, 1962, *131 when he was transferred to Atlanta, Georgia, remaining there until March 1, 1963, from where he was transferred to Montgomery, Alabama; all of these transfers were made on a permanent basis and decedent established a residence and domicile in both Montgomery and Atlanta while he was in those cities; decedent then became incapacitated through illness requiring his retirement and on April 20, 1963 he moved to Dade County (Miami), Florida, where he established his last residence and domicile and where he departed this life on November 5, 1963; at the time of his death the decedent had no immovable property in the State of Louisiana.
The petitions further allege that the laws of Florida do not recognize an olographic testament and that the will in the instant case therefore is null and void, insofar as movable property is concerned, for the reason that the question of nullity must be determined under the laws of the testator’s domicile at the time of death, Florida, and alternatively, the same result is reached should it be decided that at the time of his death the decedent was domiciled in either Alabama or Georgia because those states also do not recognize the olographic testament. The petitions pray for judgment in favor of Mrs. King and against the defendants annulling the testament for want of form under the laws of Florida, and alternatively under the laws of Alabama or Georgia, and recalling the decree of probate, reserving to petitioner the right to proceed against the executor for an accounting.
LSA-C.C.P. Art. 1391, which provides that the courts of this state shall take judicial notice of the laws and statutes of every state of the United States, also provides that a litigant may present to the trial court any admissible evidence thereof. As no evidence could be presented under the exception of no cause of action, and for the additional reason that such1 a decision is immaterial in view of our holding herein, we make no attempt to determine what are the pertinent laws and statutes of the foreign states involved. This would be a question for the merits should the exception be overruled.
The question presented for our determination is whether or not, insofar as movable property is concerned, a cause of action for annulling a will made in Louisiana by a domiciliary of this state, which1 will is proper as to form under our laws, has been stated by alleging that at the time of his death the testator was domiciled in another state under the laws of which the will is null as to form.
Appellant contends: (1) under the full faith and credit clause of the United States Constitution our courts are bound to give full faith and credit to the laws of another state (in this case Florida, Alabama or Georgia) by which an olographic will is invalid; and (2) the will in the instant case must be annulled in accordance with the rule that the validity of a will with respect to movables is governed by the laws of the testator’s domicile at the time of his death.
It is true, of course, that under the full faith and credit clause of the Constitution of the United States the courts of Louisiana are required to give full faith and credit to the laws of another state. But this does not affect our problem. The question with which we are concerned is whether the laws of a foreign state or the laws of Louisiana are here applicable. And it is quite clear that the presence of the tangible subject property within the territorial jurisdiction of Louisiana gives the courts of this state jurisdiction in rem, sovereignty prevents the use of the full faith and credit clause of the Federal Constitution to compel any state to substitute the laws of another state for its own laws in dealing with such a subject matter, and the state having jurisdiction in rem may make a binding distribution to legatees. Flanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283; Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885; Pacific Employers Ins. Co. v. *132 Industrial Accident Com’n., 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940; State of Iowa v. Slimmer, Jr., 248 U.S. 115, 39 S.Ct. 33, 63 L.Ed. 158; Baker v. Baker, Eccles & Co., 242 U.S. 394, 37 S.Ct. 152, 61 L.Ed. 386; Tilt v. Kelsey, 207 U.S. 43, 28 S.Ct. 1, 52 L.Ed. 95; Nelson v. Miller, 9 Cir., 201 F.2d 277; Quirollo v. Fifth Third Union Trust Co., D.C., 41 F.Supp. 891.
 We recognize the settled rule appellant relies on in the second contention. Generally, movable property follows, and has no other situs, than the domicile of the owner and the validity of a will with respect to movables is governed by the laws of the testator’s domicile at the time of his death. But that rule is not applicable where there is a statute to the contrary. We are of the opinion that LSA-Civil Code, Article 10 is such a statute and that the instant case must be decided in accordance with the first paragraph of that article. The article provides:
“The form and effect of public and private written instruments are governed by the laws and usages of the places where they are passed or executed.
“But the effect of acts passed in one country to have effect in another country, is regulated by the laws of the country where such acts are to have effect.
“The exception made in the second paragraph of this article does not hold, when a citizen of another State of the Union, or a citizen or subject of a foreign State or country, disposes by will or testament, or by any other act causa mortis made out of this State, of his movable property situated in this State, if at the time of making said will or testament, or any other act causa mortis, and at the time of his death, he resides and is domiciliated out of this State.” LSA-C.C. Art. 10.
The issue before us is the same as that which was presented to the Supreme Court of Louisiana in Succession of Senac, 2 Rob. 258 and 2 Rob. 262. In that case the testator, a resident of Louisiana, made his olo-graphic will in this state. He was married two days after making the will and left for France the day following the marriage. He established a domicile in France where a child was born of his marriage and where he died. He left movable (bank stock, notes and accounts) and immovable (slaves) property in Louisiana. Under the laws of Louisiana the will was revoked by the birth of the child; under the laws of France the will was valid. Basing its decision upon Article 10 of the LSA-Civil Code, quoted above, the court held the law of Louisiana applicable as to the movables involved and affirmed the trial court judgment annulling the will. Succession of Senac was decided in 1842. But it has never been overruled, the provisions of LSA-Civil Code, Art. 10 are identical now with what they were in 1842, and Senac is indistinguishable from the present case. While it dealt with the effect rather than the form of the will, form and effect are treated exactly the same in the first paragraph of LSA-Civil Code, Article 10.
We are bound by the holding in Senac and therefore hold that the validity of the will in the instant case, which’ was made in Louisiana while the testator was domiciled in this state, is governed by the laws of Louisiana and, accordingly, that the will is valid as to form.
The judgment appealed from is affirmed.
Affirmed.