JUSTICE "VAN DEUSEN delivered the opinion of the court: The executor of the estate of Wilma M. Maslowe, a/k/a Wilhelmina M. Maslowe, appeals from an order of the trial court of November 10, 1982, that (1) dismissed a rule to show cause order entered by a prior judge against respondent, Richard H. Maslowe, for failure to comply with an order of the court entered July 15, 1981, directing Maslowe to turn over to the executor the certificates of certain designated stocks; (2) directed that the inventory of the assets of the estate be amended to delete all stock being administered in Michigan; and (3) found Michigan to be the proper jurisdiction to probate all stocks which are part of the estate. Despite the fact that respondent, an attorney, has failed to enter an appearance or file a brief in this appeal, we choose to decide the matter on its merits. (First Capitol Mortgage Corp. v. Talandis Construction Corp. (1976), 63 Ill. 2d 128, 133.) We conclude from our examination of the record that Judge Teschner committed error in entering the order of November 10, 1982. We hold that Judge Coolahan’s order of July 15, 1981, directing Maslowe to turn over the stock certificates in question was a proper order which he had jurisdiction to enter as was the rule to show cause issued against Maslowe by Judge Douglas on September 16, 1982. Decedent, a resident and domiciliary of Michigan, executed her will in Illinois on September 4, 1973. The will named Emmanuel Seidner as executor and Richard H. Maslowe, respondent herein, successor executor. The will provided, inter alia, that all personal property both tangible and intangible situated in Illinois be administered in this State. On February 6, 1981, the testatrix died still a Michigan domiciliary. The will was admitted to probate in this State and in this proceeding on February 25, 1981, and letters of office as executor issued to Seidner. On March 25, 1981, Seidner filed a petition for citation (Ill. Rev. Stat. 1981, ch. 110½, par. 16 — 1) against Maslowe to recover, inter alia, certain stock certificates. On May 4, 1981, Seidner moved to set his citation petition for immediate hearing, and Maslowe filed a verified petition for summary administration of the estate. (Ill. Rev. Stat. 1981, ch. 110½, par. 9 — 8.) Maslowe’s petition stated that decedent’s personal estate subject to Illinois administration was itemized on an attached schedule, which schedule listed the contested stocks. In a letter dated May 26, 1981, Maslowe informed Seidner that he sent the stock certificates to attorneys in Michigan whom he had retained to probate the estate there, and, on June 4, 1981, Maslowe filed a motion to file an amended petition for summary administration listing only a bank account of $4,432.88. The record reveals that Judge Coolahan held a full hearing on July 15, 1981, on Seidner’s citation petition and Maslowe’s motion to file his amended summary administration petition. The evidence at that hearing showed that the stock certificates in question were in Illinois at and after the decedent’s death and in the possession of or under the control of Maslowe and that Maslowe sent them to Michigan while the citation petition was pending so that the certificates were in the hands of Michigan attorneys on and after July 15, 1981. At the conclusion of the hearing, Judge Coolahan entered written orders granting Maslowe’s motion for leave to file his amended petition and ordering Maslowe to turn over a bank passbook and the corporate stock to Seidner pursuant to section 16 — 1(d) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 16-l(d)). On September 16, 1982, Judge Douglas entered a rule to show cause why the court should not impose sanctions authorized in the aforesaid section 16 — 1(d) of the Probate Act of 1975 against Maslowe for his failure to comply with Judge Coolahan’s July 15, 1981, turnover order. In his answer to Seidner’s petition for a rule, Maslowe raised as “Affirmative Matters” that he was appointed personal representative in the Michigan probate of the estate on June 30, 1981; that, as a personal representative at the time of the entry of the turnover order, he had and complied with the obligation, to collect and submit assets subject to Michigan probate jurisdiction; and that the July 15, 1981, turn-over order would direct him to breach the laws of Michigan. However, the record shows that Maslowe’s letters of authority as Michigan representative were issued August 3, 1981, and the stock certificates were inventoried in the Michigan probate on October 27,1981. On September 16, 1982, Judge Douglas entered a rule to show cause against Maslowe for failure to comply with the July 15, 1981, turn-over order returnable October 14, 1982, and denied his amended petition for summary administration. On October 14, 1982, the case was transferred to Judge Teschner. On November 10, 1982, Judge Teschner entered the order from which this appeal is taken, finding that the turn-over order was void because decedent was domiciled in Michigan at her death, that the assets were inventoried and being administered there for the benefit of the beneficiaries in both States, and that to require the stocks to be brought to Illinois would be to assert jurisdiction and fail to give full faith and credit to Michigan law. Judge Teschner erred in directing that the Illinois inventory of .the assets of the estate be amended to delete all such stocks and in finding Michigan to be the proper jurisdiction to probate estate stocks. When the subject matter of litigation is specific property, jurisdiction may only be had where the property is situated. (Kramer v. McDonald’s System, Inc. (1978), 61 Ill. App. 3d 947, 959, aff’d (1979), 77 Ill. 2d 323, citing Oakman v. Small (1918), 282 Ill. 360.) Here the stock certificates were in Illinois at the decedent’s death and subject to Illinois administration at that time regardless of her domicile at her death. (Ill. Rev. Stat. 1981, ch. 110½, pars. 7 — 6, 5 — 2; 33 C.J.S. Executors & Administrators sec. 20a (1942); see Iowa v. Slimmer (1918), 248 U.S. 115, 63 L. Ed. 158, 39 S. Ct. 33; In re Estate of Jackson (1977), 48 Ill. App. 3d 1035, 1037; Nelson v. Miller (9th Cir. 1952), 201 F.2d 277.) Section 7 — 6 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110½, par. 7 — 6) provides inter alia that a nonresident, like the decedent, may provide by her will for the disposition of intangible personalty having situs in Illinois according to Illinois law, which decedent here did. It was her obvious intent that Illinois, rather than Michigan, administer the assets at issue. At the time of decedent’s death the Illinois courts had subject matter jurisdiction over the stocks in question as intangible personalty having their situs in Illinois and subject to disposition under Illinois law pursuant to the express terms of the decedent’s will. The fact that respondent caused the stock certificates to be sent to Michigan and inventoried in the Michigan probate proceedings in no way caused the Illinois courts to lose subject matter jurisdiction over the decedent’s stock. More importantly, at the time of the July 15, 1981, order and at all other pertinent times, the trial court in this proceeding had personal jurisdiction over the respondent and had the authority and jurisdiction to order him to turn over the stock. The fact that Maslowe had sent the stock out of the State of Illinois would not deprive the Illinois courts from holding him in contempt for the breach of its order of July 15 even if the Illinois courts had lost subject matter jurisdiction over the stock. However, the stock at that time had not even been inventoried in the Michigan estate. Even if Maslowe had been appointed Michigan representative prior to the July 15, 1981, turnover order, he would not have been obligated to submit corporate securities to that State. Michigan, as domiciliary State, could not have exerted jurisdiction over assets having their situs in Illinois, and an attempt to do so would not be entitled to full faith and credit. In re Estate of DeL ano (1957), 181 Kan. 729, 315 P.2d 611, citing Iowa v. Slimmer (1918), 248 U.S. 115, 63 L. Ed. 158, 39 S. Ct. 33. Judge Coolahan had jurisdiction to enter his turn-over order on July 15, 1981, and Judge Teschner’s finding that such order was void is erroneous. To hold to the contrary would allow an individual holding property subject to Illinois probate jurisdiction to avoid that jurisdiction by sending the evidence of ownership out of State. It would defeat the purpose of the citation procedures in the probate act (see In re Estate of Joutsen (1981), 100 Ill. App. 3d 376, 380) and would allow for serious disruption of the orderly process of estate administration in this State. The record clearly establishes that Maslowe failed to comply with Judge Coolahan’s order to turn over the certificates in question. Judge Douglas’ order and rule that Maslowe show cause why he should not be held in contempt for not complying with the turn-over order was correct. Judge Teschner’s order of November 10, 1982, is reversed in its entirety, and this cause is remanded to the trial court for hearing on the rule to show cause. Reversed and remanded with instructions. REINHARD and HOPE, JJ., concur.